## JOHN H. PRENTICE *vs.* ALFRED W. DECKER, treasurer of Wescott's Express Company.

Common carriers of goods may, by express stipulation, limit their liability for the loss of goods occurring from even the negligence of their agents and servants; or wholly exempt themselves from such liability; and the acceptance by the bailor, from the bailee, in the ordinary course of business, of a receipt for the goods containing such a stipulation, creates a binding contract. But the liability of the carrier will continue, as established by the common law, in respect to all matters not expressly stipulated against.

The putting into the hands of a passenger, on receiving her baggage for delivery at her residence, of a card containing a clause limiting the liability of the carrier to a specified amount, except by special agreement, to be noted on such card, will not, without further proof from which the assent of such passenger to the terms thereof may be implied, establish such a contract.

Such a contract relates only to the carrier's liability as an *insurer* of the goods, and imparts no exemption from liability for actual negligence. And it applies only to deliveries to railroads and steamboats. The legal title to wearing apparel and jewelry, provided by a father for the use of his infant daughter, remains in him, notwithstanding the possession of them by the infant. And for the purposes of an action by the father against a common carrier, to recover for the loss of such property, the daughter must be treated as the legally constituted agent of the plaintiff.

APPEAL from a judgment entered upon the report of a referee.

Westcott's Express Company is a joint stock company, of which the defendant Decker is treasurer.

On the 2d of November, 1864, Miss Ellen Prentice, a daughter of the plaintiff, under age, delivered at the defendants' office at the Hudson river railroad depot, in New York, for transportation from the depot to the plaintiff's residence in Brooklyn, two trunks containing clothing and jewelry provided for her use by her father. One of the trunks was left exposed and unguarded in the defendants' express wagon, in the street, on a very dark night, and was stolen.

The defendants, in their answer, put in issue the plaintiff's title, and set up a contract with the plaintiff, limiting the defendants' liability to $100 in case of loss. The defendants were allowed to amend the answer so as to make it conform to the testimony, by alleging that the supposed contract was made with Ellen Prentice.

The referee found, as matters of fact:

1. That on or about the second day of November, 1864, Ellen Prentice, a daughter of the plaintiff, then an infant under the age of twenty-one years, and then and still living with him, in the city of Brooklyn, who had been temporarily absent from her home, arrived in the city of New York by the Hudson river railroad, having two trunks which were brought by the train on which she came, and for which trunks she had two checks.

2. That on the arrival of the said Ellen Prentice in said city of New York, she applied to an agent of the said Westcott's Express Company, in the baggage room or office of the said company, the same being in the building used as the depot of the said railroad company, to have said trunks carried to her place of residence, No. 1 Grace court, in the said city of Brooklyn, and delivered to the said agent the said checks; and that the said agent, in exchange for said checks, deliv-

Prentice *v.* Decker.

éred to the said Ellen Prentice a card, of which the following is a copy :

## "WESTCOTT'S EXPRESS,

### FOR THE DELIVERY OF

### *FREIGHT AND BAGGAGE,*

#### *of every description in the cities of*

NEW YORK,      BROOKLYN,

WILLIAMSBURGH,      JERSEY CITY,

HOBOKEN,      STATEN ISLAND,

and LONG BRANCH, New Jersey.

Freight forwarded to all parts of the United States.

*Telegraph in all our offices to all parts of the United States.*

Delivery of baggage to railroad and steamboats to be made to the baggage agent thereof. Liability limited to $100, except by special agreement to be noted on this card. OVER.

(*On the reverse side.*)

### OFFICES IN NEW YORK :

162, 785 and 945 Broadway ; cor. 6th Ave. and 42d St. ; Hudson River Railroad, 70 Warren Street ; Hudson River Railroad, 30th Street, between 8th and 9th Avenues.

### BROOKLYN :

269 Washington Street, City Hall Square.

| 2 ct. Stamp, U. S. Int. Rev. | 6750 | 6672 | A. H. D. |
|---|---|---|---|

By purchasing your railroad ticket at any of our offices, baggage can be checked from the residence to destination. Rates same as at depot.      (*over.*)"

That the initials A. H. D., under the numbers 6750 and 6672 on said card, are the initials of Alexander H. Dixon, the then agent of said Westcott's Express Company, at their said office in New York.

3. That so far as any evidence given before him other than the mere delivery of the said card to the said Ellen Prentice,

showed, or tends to show, the limitation in the said card of the liability of the said Westcott's express was not pointed out to the said Ellen Prentice, nor was her attention in any manner directed thereto, nor was the said card read by her.

4. That the said trunks were brought by the agents or servants of the said Westcott's Express Company, on or about the 2d day of November, 1864, to their office in Brooklyn; and that a driver or servant of the said company started from the said office, in the evening of the same day, after dark, with a horse and wagon, having the said trunks, and two or three other trunks, in said wagon, and stopped at a house in Remsen street, in said city of Brooklyn, to deliver a trunk; and, that, while the said driver or servant was on the stoop of the said house, where he remained three or four minutes; during which he was unable to see the said wagon, on account of the darkness, and no person was in charge thereof, one of the said trunks, being that referred to in the pleadings in this action, was stolen and carried away by some person or persons unknown, and has never been delivered by the said Westcott's Express Company.

5. That the said trunk, so stolen and carried away, contained wearing apparel and jewelry, which the plaintiff in this action had provided, as a parent, at his own expense, for the use of his said daughter Ellen; that the fair and reasonable value of the said trunk and contents, at the time the same were so received by the said Westcott's Express Company, was $456.35, and that the said amount was wholly lost to the said plaintiff.

And the referee found, as a conclusion of law, from the aforesaid facts, that the plaintiff was entitled to recover of the defendant, as treasurer of the said Westcott's Express Company, the sum of $456.35, and to have judgment therefor, besides his costs in this action.

On the trial, the defendant's counsel moved for a dismissal of the complaint on the following grounds:

"1. That the plaintiff is not shown to be the owner of any

of the baggage referred to in the complaint, or to have any interest or property in, or possession of, the said baggage.

2. That Ellen Prentice is shown to be the owner of said baggage, and to have had the possession thereof at the time of its delivery to the defendants.

3. That the plaintiff is not shown to be the assignee of the claim set up in the complaint, or of the daughter's alleged right of action against the defendant.

4. That it does not appear that the plaintiff is the guardian, *ad litem,* of the said Ellen. Prentice, or in any way authorized to bring or sustain this action."

Motion denied, and the defendant's counsel duly excepted.

From the judgment entered upon the referee's report, the defendant appealed.

*L. A. Lockwood* and *C. A. Seward,* for the appellant. I. The plaintiff cannot maintain his suit; because he is not shown to be the owner of the baggage, or to have any interest or property in, or possession of, said baggage ; and, also, for the reasons assigned in the motion to dismiss the complaint. (*a.*) The daughter was in possession, and she swears, " *all the articles on the list belonged to me.*" (*b.*) That the daughter was under twenty-one years of age, (being nineteen,) or that the articles were furnished by the plaintiff, her father, and that she resided with him, does not affect the ownership of the baggage, nor does it conflict with, or modify, her testimony, that the property belonged to her. (*c.*) The property when furnished to the daughter by her father, affection forming the consideration, became, as she testified, her property. It could not be taken on execution against the father. It would not pass as assets to his administrator. (*d.*) The real party in interest must sue. (*e.*) The father, as such, is not the guardian of the property of the child. His guardianship extends only to the custody of the child. (*Fonda* v. *Van Horne, 15 Wend.* 631, *and cases there cited.*)

II. The defendant's liability was legally limited to $100. 1. Carriers have a right to affix conditions to acceptance of property, for carriage, provided the conditions are not prohibited by law. That they are not unreasonable here. (*See cases cited below.*) 2. The condition that the carrier shall not be liable for over $100, unless the value is stated, and the extra risk paid for, is not unlawful or unreasonable. (*a.*) The law compels the carrier to carry the goods, in the line of his business, of every person, on payment of a reasonable compensation. (*b.*) The law does not fix the amount of compensation. It requires only that it shall be reasonable. (*c.*) Neither is it unreasonable. (*d.*) $100, is more than the average value of articles carried. (*e.*) The carrier being an *insurer,* is entitled to premium proportionate to the risk assumed. (1 *Pars. on Cont.* 711.) (*f.*) The extensive business of carriers, and the benefit conferred by them upon the public, require that they should have this protection, except in cases of fraud or conversion. (*g.*) Occasional losses are unavoidable, and the bare fact of non-delivery of an article, affords no presumption of willful negligence or bad faith. 3. The delivery of the carrier's receipt, containing the $100 limitation clause, to the sender, at the time of the delivery of the baggage, and the delivery of the baggage by the sender to the carrier, form a contract between them. (*Wells* v. *N. Y. Cen. R. R. Co.,* 24 *N. Y. Rep.* 182. *Dorr* v. *The N. J. Steam Nav. Co.,* 1 *Kern.* 485. *Meyer* v. *Harnden's Ex. Co.,* 24 *How.* 291. *New trial of do. N. Y. Transcript, March* 16, 1864. *Moore* v. *Evans,* 14 *Barb.* 524. *Parsons* v. *Monteath,* 13 *Barb.* 358. *Perkins* v. *N. Y. Cen.* 24 *N. Y. Rep.* 215. *Smith* v. *The same,* 223. *Bissell* v. *The same,* 25 *id.* 445. *The N. J. Nav. Co.* v. *Mer. Bank,* 6 *How. U. S.* 382. *Breese* v. *U. S. Tel. Co:,* 45 *Barb.* 274. *Moriarty* v. *Harden's Express Co.,* 1 *Daly,* 227. *York Co.* v. *Central Railroad Co.,* 3 *Wallace,* 107.) The acceptance of an offer, coupled with a condition, is an acceptance also of the condition. 4. From the nature of the carrier's

business, it was impossible for him to do more than to deliver to the sender—upon the very receipt given her at the time, and which is the only evidence of her delivery of baggage to him—the printed conditions of his undertaking. (*a.*) There is no evidence that she did not know the contents of that receipt, and the presumption is that she did know it. In the case of *Boorman* v. *The American Express Co.*, on appeal, the Supreme Court of Wisconsin enunciates this doctrine, and Dixon, Ch. J. giving the opinion of the court, says : " Where a receipt for the package, embodying such conditions, (in that case the limit was $50,) is shown to have been in the custody of the plaintiff, due delivery of it to him, and his assent to its terms, are to be presumed. (*Case reported in N. Y. Times, Dec.* 3, 1866.) 5. That the sender did not read or know the contents of the receipt, is his own fault, and does not affect the question. (104 *Eng. Com. Law. Rep.* 75. *Com. Bench R., N. S. vol.* 12. *Breese* v. *U. S. Tel. Co. above cited. Dorr* v. *N. J. Steam Nav. Co. cited above. Shaw* v. *Railway Co.,* 66 *Eng. Com. Law Rep.* 347. *York, Newcastle and Berwick Co.* v. *Crisp,* 25 *Eng. Law and Eq.* 396. *York Co.* v. *Cent. Railroad Co.,* 3 *Wallace,* 107.) 6. If the court should hold that the property was in the father, and not in the daughter, then the daughter must be held to be the agent of the father, as to the baggage, and empowered to make all legal contracts for its carriage. (*Angell on Car.* §§ 249, 250, 251.) If such person had a right by such delivery to impose an obligation upon the defendants, in respect to the baggage, she had an equal right to assent to any lawful terms, by which the defendants sought to control such obligation. The delivery of the baggage and the reception of Exhibit 1, were simultaneous acts, and constituted but one contract between the parties. (*Moriarty* v. *Harnden's Express. York Co.* v. *Central Railroad, above cited.*) In *Dorr* v. *N. J. Steam Nav. Co.*, above cited, the court says : " The exception to the common law liability, being made in the bill of lading, and delivered to the agent (in that case a carman) of the plain-

tiff's, must be deemed to have been agreed upon by the parties." By bringing the suit, the plaintiff has ratified the act of the agent. (*Bank of U. S.* v. *Davis,* 2 *Hill,* 451. *Sutton* v. *Dillaye,* 3 *Barb.* 529.) Judgment should be reversed, with costs; or, should the court hold that the action is properly brought, then the plaintiff should have judgment for $100, with costs to November 20, 1865, the date of the defendants' offer of judgment.

*J. M. Van Cott,* for the respondent. I. The findings of fact are in literal accordance with the evidence, there having been no conflict of evidence.

II. Wearing apparel, provided by a father for the use of a child under age living in his family, is presumptively the property of the father.

III. If the plaintiff was the owner of the baggage, the pleadings do not present the defense of a contract, limiting the defendant's liability. The averment of such a contract with the plaintiff, was struck out by amendment, and the averment of such a contract with a stranger substituted.

IV. The pasteboard baggage check did not import a contract. 1. Its obverse side contains the whole check, and suggests no limitation of liability, and no reference to any such limitation. 2. The word "over" at the bottom, was not sufficient to require attention to what seemed a mere business card on the other side. 3. At most, the business card was a *notice,* and a carrier cannot limit his liability by notice. And the whole scope of the notice is, that passengers can check their baggage *from their residences to destination, subject to the limited liability specified.*

V. If the notice at the foot of the business card imports a contract, it applies only to cases of deliveries *to* railroads and steamboats, in respect of which the carrier's risk is greater than in deliveries *from* them. (*Price* v. *Powell,* 3 *Comst.* 322. *Miller* v. *Steam Nav. Co.* 10 *N. Y. Rep.* 431. *Russell* *Livingston,* 16 *id.* 515.)

Prentice *v.* Decker.

VI. If the court holds that the check imports a contract, and that it applies to the baggage in question, then we say: 1. That the contract relates solely to the carrier's *extraordinary* liability as *insurer.* It is conceded that such liability as insurer, may be limited as to amount, and as to the circumstances under which the risk shall attach, by express contract. 2. But a contract broad enough to exclude the entire *extraordinary* liability of a carrier, and so to negative the carrier's implied obligation as an insurer, leaves his *ordinary* liability as a bailee in full force. As an *ordinary* bailee for hire, his duty is to guard the property with care, and he is liable for any loss or injury occasioned by his gross negligence. A stipulation against liability for gross negligence, in effect a stipulation for an entire breach of his duty as bailee, would be void, as against public policy. (*Merritt* v. *Earle,* 29 *N. Y. Rep.* 115. *New Jersey Steam Nav. Co.* v. *Merchant's Bank,* 6 *How. U. S.* 344. *York Co.* v. *Central Railroad,* 3 *Wallace,* 107. *Dorr* v. *N. J. Steam Nav. Co.,* 1 *Kern.* 485. *Wells* v. *The Steam Nav. Co.,* 4 *Seld.* 375. *Alexander* v. *Greene,* 7 *Hill,* 533. *Wells* v. *The New York Central Railroad,* 24 *N. Y. Rep.* 182. *Perkins* v. *The N. Y. Cent. R. R. Id.* 196. *Smith, adm'r* v. *N. Y. Cent. R. R. Id.* 222. *Bissell* v. *N. Y. Cent. R. R.* 25 *id.* 442. *Stinson, adm'x* v. *N. Y. Cent. R. R.* 32 *id.* 333. *Malone* v. *Boston and Worc. R. R. Co.,* 12 *Gray,* 388. *Brown* v. *Eastern R. R. Co.* 11 *Cush.* 97.) 3. If such a contract can be supported at all, certainly every legal presumption must be made against it. (*See cases last cited.*)

VII. If there is any valid contract for exemption, applicable to the facts of this case, it amounts to this: the company, by reason of its *extraordinary* responsibility as a common carrier, shall not be liable as insurer beyond the sum of $100.

That contract leaves the defendant's ordinary liability as a bailee, for gross negligence, intact and in full force. The referee has found, as a fact, that the defendant was guilty

of gross negligence ; and that finding was compelled by the evidence. The judgment should therefore be affirmed.

*By the Court,* GILBERT, J. The baggage which is the subject of this action having been provided by the plaintiff for the use of his infant daughter, in fulfillment of his obligation to give her suitable maintenance, there can be no doubt that the legal title to the goods remained in the plaintiff, notwithstanding the possession of them by the infant.

It is equally clear that, for the purposes of this case, the daughter must be treated as the legally constituted agent of the plaintiff.

The daughter was a passenger on the Hudson River Railroad, and on her arrival in New York delivered the checks for the baggage in question at the defendants' office, at the railroad station, with directions that the baggage should be carried to her residence in Brooklyn, and received the card of the defendants, on one side of which was printed, " Westcott's Express for the delivery of freight and baggage, &c. &c." At the bottom of the card, the following statement was printed : " Delivery of baggage to railroads and steamboats to be made to the baggage agent thereof, liability limited to $100, except by special agreement to be noted on this card."

The baggage was lost while in the defendants' charge, and the referee has found that such loss was occasioned by gross negligence of the defendants.

These principles must be deemed settled ; namely, that common carriers of goods may, by express stipulation, limit their liability for the loss of goods occurring from even the negligence of their agents and servants, or wholly exempt themselves from such liability ; and that the acceptance by the bailor, from the bailee, in the ordinary course of business, of a receipt for the goods, containing such a stipulation, creates a binding contract.

But it is equally clear that the liability of the carrier will continue, as established by the common law, in respect to all

The People *v.* Booth.

matters not expressly stipulated against. We are also of the opinion that the putting into the hands of a passenger of a card like that of the defendants, under the circumstances of this case, would not, without further proof from which the assent of the bailor to the terms thereof might be implied, establish such a contract. (*Brown* v. *Eastern R. R. Co.*, 11 *Cush.* 97.) Applying these principles the recovery below was right.

I. The contract relates only to the defendants' liability as an *insurer* of the goods, and imparts no exemption from liability for actual negligence.

II. It applies only to deliveries to railroads and steamboats.

III. The facts do not warrant the legal inference that Miss Prentice gave her assent to the statement in the card which it is claimed limited the defendants' liability.

The judgment, therefore, must be affirmed with costs.

[Kings General Term, February 11, 1867. *Lott, J. F. Barnard* and *Gilbert*, Justices.]