SILVIUS LANDSBERG *v.* WILLIAM B. DINSMORE, PRESIDENT OF THE ADAMS EXPRESS CO.

A package of goods was received for transportation by an express company, who were to collect the price of the goods from the consignee. On the receipt given by the company for the goods was a clause relieving the company from liability from loss by fire, unless it occurred by their fraud or gross negligence, and another clause providing that in case any sum of money, besides the charge for transportation, was to be collected from the consignee, and the same was not paid within thirty days, the company might return the goods to the consignor, and that the liability of the company for the goods while in its possession for the purpose of making such collection, should be that of warehousemen only. The package was directed to A., in the care of B. When it arrived at its destination, B. refused to receive it, and the company stored it at its warehouse, where thirty-nine days afterward it was destroyed by fire, without any imputation of fraud or negligence on the part of the company, and before any notice had been sent to the plaintiff that B. had refused the package. *Held*, the company were not liable for the loss.

APPEAL by plaintiff from a judgment of the Sixth District Court, dismissing the complaint.

The action was brought to recover the value of a package of jewelry which was delivered to the defendants by the plaintiff, on the 16th day of November, 1870, for the purpose of being carried to Richmond, Va., and there delivered to one J. L. Swift, care of Glazebrook & Thomas, on payment of the price of the goods.

On the receipt given by the company for the goods was printed the following clause : " It is part of the consideration of this contract, and it is agreed, that the said express company are forwarders only, and are not to be held liable or responsible for any loss or damage to said property while being conveyed by the carriers to whom the same may be by said express company entrusted, or arising from the dangers of railroads, ocean, or river navigation, steam, fire in stores, depots, or in transit, leakage, breakage, or from any cause whatever, unless in every case the same be proved to have occurred from the fraud or gross negligence of said express company or their servants."

The receipt also contained this clause : " If any sum of money, besides the charge for transportation, is to be collected from the consignee on delivery of the above described property, and the same is not paid within thirty days from the date hereof, the shipper agrees that this company may return said property to him at the expiration of that time, subject to the conditions of this receipt, and that he will pay the charges for transportation both ways, and that the liability of this company for such property, while in its possession for the purpose of making such collection, shall be that of warehousemen only."

On the 17th day of November the package was received at the Richmond office of the defendants, and on the same day it was taken by defendants' driver to the store of Glazebrook & Thomas, who declined to receive the same, whereupon it was taken back to the express office and there stored in a room set apart for packages which could not be delivered.

The upper part of the building in which the Adams Express Company offices were situated was used as a hotel, called the

"Spotswood Hotel," and on the 25th day of December, 1870, a fire originated in one of the rooms of said hotel, whereby the whole building was consumed, and the package in question, with other property, destroyed.

The justice rendered judgment dismissing the plaintiff's complaint, and he thereupon appealed to this court.

*J. H. & B. F. Watson*, for appellant.

*Blatchford, Seward, Griswold, & Da Costa*, for respondents.

LOEW, J.—An express company is a common carrier, and as such may limit its common-law duties and liabilities by express contract, and the delivery and acceptance of a bill of lading containing restrictive clauses and conditions will, in general, create a special contract, which will bind the respective parties thereto (*Prentice* v. *Decker*, 49 Barb. 21; *Blossom* v. *Dodd*, 43 N. Y. 264, 269; *Steinway* v. *The Erie R. R.* Id. 123).

The receipt or bill of lading which was offered in evidence by the plaintiff, and formed the contract between the parties in this case, contained a clause that the defendant should not be held liable or responsible for any loss or damage to the property in question arising from fire, etc., or from any other cause whatever, unless in every case the same be proved to have occurred from the fraud or gross negligence of the defendant, or its servants.

To maintain his action, the plaintiff was therefore bound to assume the burden of proving that the loss was caused by reason of the fraud or gross negligence of the defendant, or its servants (*French* v. *Buffalo, &c. R. R.* 2 Abb. Ct. App. Dec. 196; s. c. 4 Keyes, 108; *Lamb* v. *Camden & Amboy R. R.* 46 N. Y. 271).

It is conceded that as regards the fire, there was no fault or negligence on the part of the express company or its servants, but it is urged that the defendant was bound to give the plaintiff notice that Glazebrook & Thomas had declined to receive the package, and its failure to do so made it liable.

Landsberg v. Dinsmore.

Ordinarily if, as in this case, the shipper has disclosed his name and address, I incline to the opinion that it would be the duty of the carrier to notify him within a reasonable time of the refusal of the consignee to receive the goods. But here it is expressly conceded on the points of the plaintiff's counsel, that by the terms of the bill of lading, the company was authorized, if not obliged, to keep the package for thirty days, for the purpose of collecting the price of the goods. Moreover, the evidence shows that when the defendant's driver offered the package to Glazebrook & Thomas and demanded payment therefor, they refused to receive or pay for the same, not because Swift did not want the goods, but on the ground that he was already indebted to them, and they did not care to advance any more money for him until he had paid them. They also said that Swift would be in town in a few days, and at the driver's request promised to notify him of the fact that the package had arrived, and was at the company's office. Under these circumstances the defendant, to say the least, had good reason to believe that the goods would be called for by Swift within the thirty days, and as there was, therefore, nothing of importance to communicate to the consignor, I am of the opinion that it was not incumbent on the company to send him notice ( *Weed* v. *Barney*, 45 N. Y. 344, 347). I also think that the defendants did all that could be reasonably asked or required of them in regard to the delivery of the package. Swift did not reside in Richmond, and Glazebrook & Thomas, to whose care the same was directed, were the only persons to whom the company was bound to tender it, and they having refused to accept it, the defendant was justified in retaining the possession thereof until Swift should call for it. After the refusal of Glazebrook & Thomas to accept the goods, the liability of the company, while the same remained in its possession, was by a stipulation in the bill of lading limited to that of warehousemen only. Indeed, such and such only would have been its liability, independent of its stipulation on the subject (*Fenner* v. *Buffalo & State Line R. R.* 44 N. Y. 505 ; *Weed* v. *Barney, supra.*)

It is, however, insisted that inasmuch as the defendant *was*

*authorized* by the bill of lading to retain the goods for thirty days for the purpose of making the collection, there was an implied contract on its part to return them at the expiration of that time. I can perceive no such obligation, but assuming this to be so, still I do not think that it would make the defendant liable. Surely, the mere fact that the defendant failed to return the package within the nine days, intermediate the expiration of the thirty days and the occurrence of the fire, would not warrant us in holding, as matter of law, that the company was guilty of either *fraud* or *gross negligence*, for which only it is by the terms of the special contract liable or responsible.

In my opinion, the judgment of the court below is correct and should be affirmed.

ROBINSON, J., concurred.

DALY, CH. J.—I agree that the judgment should be affirmed.

Judgment affirmed.