Parker, J.,
 

 delivered the opinion of the court.
 

 The courts of this state have steadily adhered to the common law rule, that a common carrier cannot screen himself from liability by notice, whether brought home to the owner or not. Since the very full and learned discussion of that question in
 
 Hollister
 
 v.
 
 Nowlen,
 
 (19
 
 Wend.
 
 234,) and
 
 Cole
 
 v.
 
 Goodwin, (Id.
 
 251,) it has been regarded as settled upon, mature deliberation, and the conclusion arrived at in those cases has been uniformly acquiesced in and followed.
 
 (Camden Co.
 
 v. Belknap, 21
 
 Wend.
 
 354;
 
 Clark
 
 v.
 
 Faxton, Id.
 
 153;
 
 Alexander
 
 v.
 
 Greene,
 
 3
 
 Hill,
 
 9 ; 7
 
 id.
 
 533;
 
 Powell
 
 v.
 
 Myers,
 
 26
 
 Wend.
 
 594.) These decisions rest on the* very satisfactory reasons, that the notice was no evidence of assent on the part of the owner, and that he had a right to repose
 
 *483
 
 apon the common law liability of the carrier, who could not relieve himself from such liability by any mere act of his own.
 

 But the question here presented is of a very different character. It is, whether it is competent for the carrier and the owner, by an agreement between themselves, to establish conditions of ■ liability, different from, those cast by law upon a common carrier,
 

 I think this question is distinctly presented by the demurrer to the second plea; and it seems to me also to be involved in the decisions made at the trial of the issue of fact; for the exceptions to the common law liability, being made in the bill of lading and delivered to the agent of the plaintiffs, must be deemed to have been agreed upon by the parties. If such is not the legal7 inference, then it was a question of fact for the jury to decide what was the agreement between the parties, and in that case the same question of law would still be presented for decision.
 

 The plaintiffs rely upon the case of
 
 Gould
 
 v.
 
 Hill,
 
 (2
 
 Hill,
 
 623.) It was there broadly decided by a majority of the late supreme court, Ch. J. Nelson dissenting, that common carriers could not limit their liability, or evade the consequences of a breach of their legal duties as such, by an express agreement or special acceptance of the goods to be transported. That decision rested upon no earlier adjudication in this state, though the question had been previously discussed and
 
 obiter
 
 opinions upon it sometimes expressed by judges, in deciding the question whether a carrier could lessen the extent of his liability, by notice. But the case of
 
 Gould
 
 v.
 
 Hill
 
 has been deliberately overruled by the present supreme court, in two carefully considered cases, viz :
 
 Parsons
 
 v.
 
 Monteath,
 
 (13
 
 Barb.
 
 353;) and
 
 Moore
 
 v.
 
 Evans,
 
 (14
 
 id.
 
 524.) In both those cases the question is examined with much ability, and I think the unsoundness of the conclusion in
 
 Gould
 
 v.
 
 Hill
 
 most satisfactorily shown. I am not aware that
 
 Gould
 
 v.
 
 Hill
 
 has been followed in any reported case. In
 
 Wells
 
 v.
 
 The Steam Navigation Company,
 
 (2
 
 Comst.
 
 209,) Bronson, B\, who seems to have concurred with Judge Cowen in deciding
 
 Gould v. Hill,
 
 speaks of the question as being still, perhaps, a debatable one.
 

 
 *484
 
 i / That a carrier may, by express contract, restrict his Common flaw liability, is now, I think, a well established rule of law; It ps so understood in England; (Alleyn, 93; 1
 
 Vent.
 
 190, 238;
 
 Peake’s N. P. C.
 
 150; 4
 
 Burr.
 
 2301; 1
 
 Starkie’s R.
 
 186; 2
 
 Taunt.
 
 271; 8
 
 Mees. & Welsby,
 
 443; 4
 
 Co.
 
 84;) and in Pennsylvania, (16
 
 Penn. R.
 
 67; 5
 
 Rawle,
 
 179 ; 6
 
 Watts & Serg.
 
 495.) In other states, where the question has arisen whether notice would excuse the liability of the carrier, it seems to have been taken for granted that a special acceptance would do so ; and in
 
 N. J. Steam Nav. Co.
 
 v.
 
 Merchants’
 
 Bank, (6
 
 How.
 
 382,) it was so held by the supreme court of the United States. For the concurrent opinions of elementary writers in favor of this doctrine, see
 
 Story on Bail.
 
 § 549;
 
 Chitty on Cont.
 
 152 ; 2
 
 Kent, Com.
 
 606 ;
 
 Angell on Carriers,
 
 §§ 59, 220, 221. Upon principle, it seems to me no good reason can be assigned why the parties may not make such a contract as they please. It is not a matter affecting the public interests. Ho one but the parties can be the losers, and it is only deciding by agreement which shall take the risk of the loss. The law, where there is no special acceptance, imposes the risk upon the carrier. If the owner chooses to relieve him and assume the risk himself, who else has a right to complain ? It is supposed that the extent of the risk will be measured by the amount of compensation, and the latter, it will not be denied, may be regulated by agreement. The right to agree upon the compensation cannot, without great inconsistency, be separated from the right to define and limit the risk. Parties to such contracts are abundantly competent to contract for themselves. They are among the most shrewd and intelligent business men in the community, and have no need of a special guardianship for their protection. It is enough that the law declares the liability where the parties have said nothing on the subject. But if the parties will be better satisfied to deal on different terms, they ought not to be prevented from doing so.
 

 It is true a common carrier exercises a
 
 quasi
 
 public employed ment, and has public duties to perform; that he cannot rejjfct a customer at pleasure, or charge any price that he chooses to
 
 *485
 
 demand; and that if he refuses to carry goods according to the course of his employment, without a sufficient excuse, he will be liable to an action ; and that he can only demand a reasonable compensation for his risk and services;
 
 (Bac. Abr . Carriers,
 
 [ZL] /
 

 2
 
 Kent,
 
 599
 
 ; Story on Bail.
 
 328; 2
 
 Ld. Raymond,
 
 917 ;
 
 Skin.
 
 279; 1
 
 Salk.
 
 249; 2
 
 Show. R.
 
 332; 8
 
 Mees. & Wels.
 
 372; 1
 
 Pick.
 
 50; 15
 
 Conn. R.
 
 539;) and that an action will lie against him upon a tort, arising
 
 ex delicto,
 
 for a breach of duty.
 
 (Orange Co. Bank v. Brown,
 
 3
 
 Wend.
 
 158.) In such 1 case, there being no special contract, the parties are supposed to have acted with a full knowledge of their legal rights and lia- ; bilities, and there may be, perhaps, good reason for the stringent rule of law, which makes the carrier an insurer against all ex-
 
 'f
 
 cept the act of God and the public enemy. But when a special ' contract is made their relations are changed, and the carrier becomes, as to that transaction, an ordinary bailee and private carrier for hire. This neither changes nor interferes with any established rule of law; it only makes a case to be governed by a different rule. To say the parties have not a right to make their own contract and to limit the precise extent of their own ) respective risks and liabilities, in a matter in" no way affecting , the public morals or conflicting with the public interests, would, in my judgment, be an unwarrantable restriction upon trade and commerce, and a most palpable invasion of personal right. > •The judgment of the supreme court should be reversed and judgment be given for the defendant on the demurrer, with leave to the plaintiffs to reply on terms, and a new trial should be awarded on the issue of fact.
 

 Judgment accordingly.