Lee agt. Marsh.

## SUPREME COURT.

John M. Lee and E. F. Elliott agt. Nathaniel Marsh, receiver, &c.

It must now be considered as settled in this state that *common carriers* may limit their liability for *negligence* in almost any respect by *express contract*, for such consideration as will be satisfactory to the passenger or freighter, and that such contracts are not against public policy.

Where a common carrier is not liable for the effects of an accident by which a part of his freight of live animals have been killed, he is not liable for the *delivery of the dead animals*, where his contract is to deliver them alive.

*New York General Term, November*, 1864.
*Before* Leonard, Sutherland *and* Barnard, *Justices*.
Appeal from a judgment for plaintiffs entered on report of referee.

D. B. Eaton, *for appellant.*
A. Prentice, *for respondents.*

By the court, Leonard, J. The referee has found as a fact in this case that the defendant was guilty of negligence in running the train of freight cars when the accident occurred, on a dark and stormy night, at the rate of fourteen miles an hour, and adds that such negligence was not willful. Nor does he find that it contributed to produce the accident. The contract was for the transportation of live stock belonging to the plaintiffs over the Erie railroad, which was operated by the defendant as receiver, and exonerated the defendant from all liability for loss or damage that might happen from any other cause than the willful negligence or fraud of the defendant or his agents. The contract also states that the rate of compensation to be paid by the plaintiffs has been reduced in consideration of their assuming these risks. It is evident then that if the contract is valid, the defendant is not liable for the

damage arising from the accident mentioned in the case, as the occurrence was without any willful negligence on the part of the defendant or his agent.

The referee has found, however, as his conclusion of law, that the law does not permit the defendant to restrict his liability as a common carrier for negligence. In this conclusion he appears from the recent decisions to be in error. I think it must be considered as settled in this state that common carriers may limit their liability for negligence in almost any respect by express contract, for such a consideration as will be satisfactory to the passenger or freighter, and that such contracts are not against public policy. (1 *Kern.* 485; *Dorr* agt. *The N. J. R. and T. Co.* 24 *N. Y. R.* 181; *Wells* agt. *The N. Y. Central Railroad Co.* 25 *N. Y. R.* 442; *Bissell* agt. *The N. Y. Central Railroad Co.*)

The counsel for the plaintiffs insists that they are entitled to recover, although the referee may be wrong in respect to the law and the reasons which he has given for his report in favor of the plaintiffs, because a part of the stock although killed by the accident, was not delivered at its destination according to the contract. It appears that the animals which were killed by the accident had a marketable value if immediately dressed, and the plaintiffs insist that the contract is broken by reason of the failure to deliver the carcasses. But who was to dress the animals and prepare them for market immediately? Certainly the defendant was under no such obligation. This attention was required in order to preserve any value in the dead animals, and overcome the loss which had apparently befallen the plaintiffs in consequence of the accident. I am not prepared to assent, however, to the proposition that the defendant was liable to deliver the carcasses. The character of the freight was changed when the animals were dead. The defendant was bound to deliver the animals alive, unless relieved from so doing by some condition of his contract, and the delivery of their dead bodies would

not relieve him from responsibility for the failure to deliver them alive, if the loss arose from causes not within the risks from which the plaintiffs had agreed to relieve the defendant.

The agents of the defendant, it appears by the report, offered to cary the dead stock through if one of the plaintiffs, who accompanied the train and was present at the accident, would take charge of them. The plaintiffs refused to take charge of, or to have anything to do with the dead and dying animals. The plaintiffs have no claim to recover on the ground so urged by their counsel.

The judgment should be reversed, and a new trial had before the same referee, the costs to abide the event.

---

## NEW YORK COMMON PLEAS.