LIMBURGER *vs.* WESTCOTT and others.

49  283
63h 326

A common carrier cannot limit his liability by a memorandum or note on the card or ticket which he delivers on the receipt of goods to be transported by him.

Thus, where, by a memorandum on a receipt for baggage, issued by an express company, it was stated that the "liability" of the company was "limited to $100, except by special agreement to be noted" thereon; *Held* that in the absence of any knowledge by the owner of the baggage of such condition there was no consent to it by him, and no bargain between the parties, limiting the liability of the company.

APPEAL from a judgment entered upon the report of a referee. The action was brought to recover of the defendants, as carriers, under the name of "Westcott's Express," the sum of $300 for the loss of the plaintiff's baggage. The defendants set up as a defense, a special contract, limiting their liability to $100, in case of loss. On the trial before the referee, Robert F. Westcott being duly sworn as a witness on the part of the defendants, testified : "I am superintendent of Westcott's Express, and have been since 1861. (Exhibit A shown witness.) This is a receipt for baggage ; it is issued by Westcott's Express. These receipts are given either at the office when the order to perform the service is left, or at the house on reception of baggage. The numbers 4292 and 4292½ on this paper refer to two pieces of baggage, and the same numbers are put upon the baggage for which the receipt is given." (Paper read in evidence and marked Exhibit A.)

Limburger *v.* Westcott.

EXHIBIT "A."

"OFFICES IN NEW YORK.

162, 785 and 945 Broadway ;          Cor. 6th Avenue and 42d Street ; ·
Hudson River Railroad,                  · Hudson River Railroad,
  70 Warren Street.                   30th St., bet. 8th & 9th Avenues.

BROOKLYN.

269 Washington Street, City Hall Square.

4292
4292½

By purchasing your Railroad Ticket at any of our Offices,
BAGGAGE CAN BE CHECKED FROM THE RESIDENCE TO
DESTINATION—RATES SAME AS AT DEPOT.

[OVER.]

WESTCOTT'S EXPRESS,

FOR THE DELIVERY OF

*FREIGHT AND BAGGAGE*

Of every description, in the Cities of

NEW YORK,                 |          BROOKLYN,
WILLIAMSBURGH,            |          JERSEY CITY,
HOBOKEN,                  |          STATEN ISLAND,
              AND LONG BRANCH, N. J.
Freight forwarded to all parts of the United States.
*Telegraph in all our Offices to all parts of the United States.*

☞ Delivery of Baggage to Railroad and Steamboats to be made to
the Baggage Agent thereof—liability limited to $100, except by special
agreement to be noted on this card. ✒          [OVER.]"

The defendants' counsel here offered to prove :

1st. That the defendants have been for a long number of
years engaged in the express business, in the city of New
York, and during that time have always issued receipts sim-
ilar to the one produced.

2d. That the rate of the defendants' charge for express ser-
vice was always based upon the supposed value of the thing
carried, and that such value was assumed to be $100 unless

otherwise stated, and that the rate of charge beyond that value increased at the rate of twenty-five cents per $100.

3d. That it has been the custom for a great number of years among all express companies to issue receipts limiting their liability, and like the one produced.

The plaintiff's counsel objected to each and every of said offers as irrelevant and immaterial. Objection sustained, and the defendants' counsel excepted.

E. W. Chester being duly sworn for the defendants, testified as follows : " I received the paper, Exhibit A, before this action was brought, and after the alleged loss of the baggage. I received it of Mr. John Randal, the husband of the witness Mrs. Randal. Mr. Randal employed me in this suit. He gave me Exhibit A about that time."

It was here admitted that the two pieces of baggage in question were left in the lower hall of John Randal's house in 5th Avenue, and were called for by the defendants' driver and wagon, who took the baggage from a servant in the hall, no other of the family being present, and after putting the same into his wagon, he gave Exhibit A, before driving away, to the servant, and received his pay from said servant, and afterward the servant delivered it to some one of the family. That an order had been previously left at the defendants' office for them to call for the baggage. That one piece of said baggage was lost, and that it was not now in the defendants' possession.

The referee found the value of the trunk lost, and its contents, to be $350 ; and as conclusions of law, he was of opinion and did adjudge and determine :

*First.* That the indorsement upon the back of the card so delivered to the servant, at the time of the taking away of said trunk, did not amount in law to a special contract that the liability, in case of the loss of said baggage should be limited to $100, as was claimed by the defendants.

*Second.* That the plaintiff was entitled to recover in this action such sum of money as would indemnify her, at the

time of the receipt thereof by her, for the damages sustained by her, by reason, and in consequence of, the loss of said trunk, and its contents.

*Third.* That the plaintiff could only be so indemnified by recovering from said defendants the value of property so lost, at the time of the trial of this action.

Wherefore, he was of opinion, and did adjudge and determine, that the plaintiff was entitled to recover from the defendants the said sum of $350 ; for which sum, together with the costs of this action, he directed a judgment in favor of the plaintiff against the defendants.

*L. A. Lockwood* and *C. A. Seward,* for the appellants. I. Carriers have a right to affix conditions of acceptance of articles for carriage, provided, 1st. That the conditions are not prohibited by law. 2d. That they are not unreasonable. (*Cases cited below.*)

II. The condition that the carrier shall not be liable for over $100, for any article lost, unless the value is stated to him and the extra risk is paid for, is not unlawful or unreasonable. The law compels the carrier to carry the goods, in the line of his business, of every person, on payment of a reasonable compensation. The law does not fix the amount of compensation that may be demanded. It requires only that it shall be reasonable. It is not unreasonable. (1.) $100 is more than the average value of articles carried. (2.) The carrier, being an insurer, is entitled to premium proportionate to the risk assumed. (1 *Pars. on Cont.* 711.) (3.) The extensive business of carriers, and the benefit conferred by them upon the public, require they should have this protection, except in cases of fraud or conversion. (4.) Occasional losses are unavoidable, and the bare fact of non-delivery of an article affords no presumption of willful negligence or bad faith.

III. The delivery of the carrier's receipt containing the $100 limitation clause, to the sender, at the time of receipt of the baggage, and the delivery of such baggage by the

Limburger *v.* Westcott.

sender to the carrier, form a contract between them. (*Wills v. N. Y. Central R. R. Co.,* 10 *N. Y. Rep.* 181. *Dorr* v. *The N. J. Steam Nav. Co.,* 1 *Kern.* 485. *Meyer* v. *Harnden's Ex.* 24 *How.* 291. *New trial of same, N. Y. Transcript,* March 16, 1864. *Moore* v. *Evans,* 14 *Barb.* 524. *Parsons* v. *Monteath,* 13 *id.* 353. *Perkins* v. *N. Y. Central R. R. Co.,* 24 *N. Y. Rep.* 215. *Smith* v. *Same, Id.* 223. *Bissell* v. *Same,* 25 *id.* 445. *The N. J. Nav. Co.* v. *Merchants' Bank,* 6 *How. U. S.* 382. *Breese* v. *U. S. Telegraph Co.,* 45 *Barb.* 274. *York Co.* v. *Cent. R. R. Co.,* 3 *Wallace,* 107. *Moriarty* v. *Harnden's Ex.* 1 *Daly,* 227.)

IV. That the sender did not read or know the contents of the receipt is his own fault, and does not affect the question. (104 *Eng. Com. Law,* 75. *Com. Bench, N. S. vol.* 12. *Breese* v. *U. S. Tel. Co. above cited. Shaw* v. *Railway Co.,* 66 *Eng. Com. Law,* 347. *York, Newcastle and B. Co.* v. *Crisp,* 25 *Eng. Law and Eq.* 396. *York Company* v. *Cent. R. R. above cited.*) From the nature of the carrier's business it was impossible for him to do more than to deliver, to the sender, printed conditions of his undertaking, upon the receipt delivered to the sender at the time of the receipt of the baggage, which receipt was also the evidence, to the sender, of delivery of the baggage to the carrier, and was to be held by him, as such evidence, until his receipt of the baggage. The acceptance of an offer coupled with a condition is also an acceptance of the condition.

V. That the receipt was delivered to a servant and not to the owner does not affect the matter. The trunks were left in the lower hall of Mr. Randall's house, in charge of the servant who was authorized to deliver the trunks to the defendants *and who paid them* for the carriage. Although no one of the family were present, yet Mrs. Randall swears that an express wagon, marked Westcott's Express, came to the house. She must, therefore, have seen it. The complaint avers delivery by her to the defendants. The defendants were authorized by the circumstances to regard the servant

as the agent of the plaintiff, in respect to the baggage, and competent to contract for its carriage. If the defendants were not authorized to deliver the baggage, the defendants' possession was wrongful, and no contract can be implied, and this action must fall. The servant was, therefore, *prima facie* the agent or messenger of the plaintiff, *pro hac vice,* and it rested with the plaintiff to prove the contrary. By bringing this suit, the plaintiff has ratified the act of the servant. (*Bank of N. S.* v. *Davis,* 2 *Hill,* 451. *Sutton* v. *Dillaye,* 3 *Barb.* 529.) The court, therefore, must regard the servant as the agent of the plaintiff. " The exception to the common law liability being made in the bill of lading and delivered to the agent" (a carman) " of the plaintiffs, must be deemed to have been agreed upon by the parties." (*Angel on Car.* §§ 249, 250, 251. *Dorr* v. *N. J. Steam Nav. Co. above cited.*) There is no evidence that the servant did not read the receipt. If such servant had a right by such delivery to impose an obligation upon the defendants in respect to the baggage, she had an equal right to assent to any lawful terms by which the defendants sought to control such obligation. The delivery of the baggage and the reception of Exhibit " A" were simultaneous acts, and constituted but one contract. (*Moriarty* v. *Harnden's Ex. York Co.* v. *Central R. R. above cited.*)

VI. The referee erred in excluding the offers. The evidence tended to show a long established and well known custom among carriers. In connection with the testimony of the plaintiff's frequent visits in New York city, it raised a strong presumption of her knowledge of the custom.

VII. The referee erred in admitting the evidence of the value of the property on the day of trial. The measure of damage is the value of the goods on the day when the delivery should have been made. (*Sedgwick on Dam.* 225. *Sherman* v. *Wells,* 28 *Barb.* 403. *Richmond* v. *Bronson,* 5 *Denio,* 55, *and cases there cited. Wibert* v. *N. Y. and*

*Erie R. R.,* 19 *Barb.* 36. *Conger* v. *Hudson R. R. Co.,* 6 *Duer,* 375.)

VIII. The referee erred in the 5th finding of fact. There was no evidence that, *before the time of trial,* the value of the said trunk and contents had become and was $350. . It was admitted that the trunk and contents were lost, and their value could not be said to have increased. The witness was not an expert in the value of clothing, and her statement " they are worth twice as much now" should have been disregarded.

IX. The referee erred in his 2d and 3d findings of law, because it is not the true measure of damages. (*See case above cited.*)

X. Judgment should be ordered for the plaintiff for $100, and costs to the date of the defendants' offer under section 285 of the Code, and costs from that time should be awarded to the defendants.

*E. W. Chester,* for the respondent. I. No special contract was proved. Not even a notice was proved, even if that had been sufficient. (*See Nevins* v. *The Bay State Steamboat Co.,* 4 *Bosw.* 225 ; *Judge Slosson's opinion,* 233 ; *Bissell* v. *The New York Cent. R. R. Co.,* 25 *N. Y. Rep.* 445 ; *Dow* v. *N. J. Steam Nav. Co.,* 1 *Kern.* 485 ; *Judge Parker's opinion,* 490 ; *Mercantile Ins. Co.* v. *Chase,* 1 *E. D. Smith,* 115 ; *Opinion of Judge Woodruff,* 137, 8.)

II. If there had been a contract, such as alleged, the defendants would have been bound to account for the trunk delivered to them and to show how it was lost, and that it was without their fault or that of their employees. Such a contract would not permit a common carrier to escape responsibility by simply alleging, in general terms, the loss of the property, and that it was not in his possession, and that, therefore, he should not be accountable for more than $100.

---

Limburger *v.* Westcott.

---

III. Neither of the defendants' exceptions on the trial was well taken.

IV. The referee adopted the right rule in regard to the value of the property lost. (*Romaine* v. *Van Allen*, 26 *N. Y. Rep.* 309. *Williard* v. *Bridge*, 4 *Barb.* 361. *Dillenback* v. *Jerome*, 7 *Cowen*, 295. *West* v. *Wentworth*, 3 *id.* 82.)

CLERKE, J. We have frequently decided, in conformity with the weight of authority, in this state, that a common carrier cannot limit his liability by a memorandum or note on the card or ticket which he delivers on the receipt of goods to be transported by him. Nothing more than this occurred in the present case ; and undoubtedly the referee was correct in deciding that the indorsement on the back of the card, delivered by the defendants to the servant of the plaintiff, did not amount in law to a special contract, which alone could limit their liability. The referee adopted the correct rule as to the value of the property.

The judgment should be affirmed, with costs.

LEONARD, J. The plaintiff had no knowledge of the condition which the defendants sought to embody in the contract. Of course, there was, then, no consent to the condition, on the part of the plaintiff, and no bargain between the parties, limiting the liability of the defendant.

I concur in affirming the judgment.

Judgment affirmed.

[NEW YORK GENERAL TERM, June 3, 1867. *Leonard* and *Clerke*, Justices.]