# N. Y. SUPERIOR COURT.

LIZZIE A. SUNDERLAND, plaintiff and respondent, agt. ALEX-
ANDER F. WESTCOTT, president of the WESTCOTT EXPRESS
COMPANY, defendant and appellant.

A common carrier of goods may, by express contract, restrict his common-law lia-
bility and in such case he ceases to be an insurer and becomes an ordinary bailee
and private carrier for hire according to the terms of the special contract.
But he cannot secure a limitation of his liability, either in whole or in part, by a
mere notice indorsed upon his receipt, check, or ticket. Such notice, being at
most a proposal only for a special contract, requires the assent of the other
party to its terms.
In the absence of evidence showing that the attention of the person employing the
carrier was in some manner called to said notice, and that he assented thereto, or
from which his assent can be reasonably inferred, the notice is of no effect.
The duty to carry and deliver safely involves the duty to provide a secure place
for the delivery, and to adopt proper safeguards to prevent loss.

*General Term, February,* 1870.

*Before* BARBOUR, *Ch. J.,* McCUNN *and* FREEDMAN, *JJ.*

APPEAL from a judgment entered upon the report of a
referee in favor of plaintiff and against the defendants for
$427 77.

The action was brought to recover the value of a trunk
and contents intrusted by plaintiff to defendants, an express
company, as common carriers of baggage, for transportation
and delivery, and lost.

The defense is a special contract and performance.

THOMPSON & TOWN, *attorneys for respondent.*
L. A. LOCKWOOD, *attorney for appellant.*

*By the court,* FREEDMAN, J.—The defendants are to be
regarded as common carriers, and their responsibility for

the safe delivery of property intrusted to them for transportation is to be measured by the rules of law which prescribe, limit, and determine the rights, duties, and liabilities of such carriers (*Russell* agt. *Livingston*, 19 *Barb.*, 346; *Sherman* agt. *Wells*, 28 *Barb.*, 403; *Sweet* agt. *Barney*, 23 *N. Y.*, 335). According to these rules a common carrier may, by express contract between himself and the party contracting with him, restrict his common-law liability. In regard to the transportation of goods, a common carrier, at common law, is an insurer against all accidents, except the act of God and the public enemy. But when a special contract is made, as above mentioned, the relations of the parties are changed; the carrier ceases to be an insurer and becomes, as to that transaction, an ordinary bailee and private carrier for hire, according to the terms of the special contract (*Dorr* agt. *N. J. Steam Nav. Co.*, 11 *N. Y.*, 485; *Lee* agt. *Marsh*, 43 *Barb.*, 102; *Meyer* agt. *Harnden's Exp.*, 24 *How.*, 291). This principle of the common law, which always permitted men to manage their own affairs and to make their own contracts, provided they involved nothing immoral or illegal, has even been extended to the transportation of passengers, in which case the common carrier is not in any respect an insurer, but is answerable only for such injury to a passenger against which the utmost skill and foresight could guard (*Perkins* agt. *N. Y. Central Railroad*, 24 *N. Y.*, 315; *Smith* agt. *N. Y. Central Railroad*, 24 *N. Y.*, 223; *Bissell* agt. *N. Y. Central Railroad*, 25 *N. Y.*, 445).

The safe carriage and delivery of property necessarily involves an expense and risk greater or less in proportion to the nature, quantity, and value which each employer intrusts to the carrier; and the carrier, therefore, may require a disclosure of the nature and value of the property to be carried, with a view of charging a price corresponding with the value of the service to be rendered and the risk to be incurred. The only limitation of this right is the requirement that the charges be justly and reasonably propor

tioned to the varying value of the actual service rendered and the risk actually incurred. Frankness, fair dealing, and a clear opportunity to act intelligently must, in all cases, exist on both sides.

But although it has thus been settled that a common carrier may secure a limitation of his responsibility, by express contract with the persons whose property he is to carry, it is equally well settled that he cannot do so, either in whole or in part, by a mere notice indorsed upon his receipt, check or ticket. Such notice, at most, is only a proposal for a special contract, which requires the assent of the other party to its terms. (*Holliston* agt. *Nowlen,* 19 *Wend.,* 234 ; *Nevins* agt. *Bay State Steamship Co.,* 4 *Bosw.,* 225 ; *Prentiss* agt. *Decker,* 49 *Barb.,* 21 ; *Limberger* agt. *Westcott,* 49 *Barb.,* 283 ; *Belger* agt. *Dinsmore,* 34 *How.,* 421 ; *Rawson* agt. *Penn. Railroad Co.,* 2 *Abb.,* *N. S.,* 220 ; see, also, to same effect, the language used by SELDEN, J., and DENIO, Ch. J., in *Bissell* agt. *N. Y. Central Railroad Co.,* 25 *N. Y.,* 445.)

A receipt, check or ticket, containing a notice indorsed thereon, which has not been assented to by the person employing the carrier, is to be regarded as a token rather than as a contract, and is not within the rule which requires the exclusion of parol evidence offered with a view to vary a written agreement. (*Quimby* agt. *Vanderbilt,* 17 *N. Y.,* 306.)

The case of *Breese et al.* agt. *U. S. Telegraph Co.,* (45 *Barb.,* 247), it is not at variance with the views expressed by me. It may well be doubted whether telegraph companies are to be considered as common carriers for all purposes, and, as such, subject to the same legal rules and liabilities. The court, in this case, simply held that where a telegraph company furnishes to a person a printed blank, containing, in a conspicuous manner, a statement of the terms and conditions upon which messages will be forwarded, such blank, upon which the message to be sent is to be written by the sender, is not only a notice but a proposal for a special contract ; that by writing a message under the

Sunderland agt. Westcott.

said terms and conditions, and signing and delivering it for transmission, the sender accepted the proposal, which thereupon became an agreement binding upon the company only according to its specified terms and conditions, and that this legal consequence was not varied by the fact that the sender of the message had omitted to read the printed conditions and agreement thus deliberately subscribed by him.

In the case at bar the defendants received plaintiff's trunk without inquiry or objection, and thereupon handed a check or receipt to plaintiff, with a printed stipulation indorsed thereon, to the effect that the defendants will not be liable for baggage to railroads, steamboats, or steamship lines, after the same has been left at the usual place of delivery at such lines; nor in case of loss or damage by negligence or otherwise for an amount exceeding one hundred dollars upon any trunk, valise, bag, package, or parcel, including the contents thereof, unless by special agreement, in writing, to be noted on said receipt, and by payment for such extra amount. In the absence of evidence showing that plaintiff's attention was in some manner called to this stipulation, and that she assented thereto, or from which plaintiff's assent could be reasonably inferred, the referee was clearly right in disregarding the special clauses. The evidence, as given, is sufficient to support the finding, as matter of fact, that defendants agreed, for a valuable consideration, to transport plaintiff's trunk and its contents to the boat running from New York to Albany, and to securely keep the same there in readiness to be transported when the same should be called for by the plaintiff, or to be delivered to her or her order when she should require the same to be so delivered. At any rate, the duty to carry and deliver safely involved the duty to provide a secure place for the delivery, and to adopt proper safeguards to prevent loss; and there being a conflict of evidence as to what the contract really was, but sufficient to support the finding, the latter, as made, must be held conclusive.

Defendant's objection to the finding, as a fact, that the defendants did not deliver the said trunk and contents as agreed, but that the same were lost or stolen while in the care or custody of the defendants, appears to be equally untenable. The evidence of the defendants' driver is to the effect that he carried the trunk to the pier on which the boat usually landed, that there was a particular side on the pier, inside of a railing or fence running across the pier, where the baggage for said boat was usually received, and that he put and left plaintiff's trunk inside said railing or fence with other baggage which he found there, without, however, placing it in charge of some person or in any manner directing the attention of some person on the pier to it. There is also some evidence showing that six or eight boats went from the same pier and from inside the railing or fence referred to, and that the boat for which plaintiff's trunk was destined was not there at the time the trunk was left. I am unable to say whether the referee believed or disbelieved the testimony of said driver. The credibility of the witness was a question to be determined by the referee exclusively. But, assuming that full effect was given to said testimony, it fell wholly short of establishing a delivery according to the contract. It was even insufficient to prove a simple delivery to the boat. The liability of the boat could only commence from the time the property was *actually* delivered either on board or to the boat's agent having charge of that business. A delivery to such agent must be made in a place under his immediate control, where the property is not exposed to danger, and the delivery remains incomplete until acceptance of the property by such agent. In *Grosvenor* agt. *The N. Y. Central R. R. Co.*, (5 *Abb. N. S.*, 345), it was distinctly held that mere proof that the property was deposited upon the premises, and the agent of the company notified, does not make out a valid acceptance and delivery.

The referee having found, upon sufficient evidence, that

Sundertand agt. Westcott.

plaintiff's property was lost or stolen before delivery, I can perceive no reason why defendants should not be held liable for the value. A careful examination of the remaining grounds upon which defendants rely for a new trial has satisfied me that they are not entitled to any special notice.

The judgment appealed from should be affirmed, with costs.

BARBOUR, C. J.—I concur.

McCUNN, J.—I concur.