FANNIE GROSSMAN, RESPONDENT, *v.* CORTLAND H. DODD, AS TREASURER OF DODD & CHILDS' EXPRESS, APPELLANT.

*Common carriers — a receipt limiting liability — when a passenger is not bound thereby.*

In an action brought against a baggage express company to recover the value of a trunk which, while in its charge, fell into the Hudson river and was damaged, it appeared that the plaintiff, a passenger from Europe, able to read English, met the agent of the company on an open pier, in daylight, delivered to him the trunk and at the same time received a receipt therefor; that thereupon she delivered the receipt to her brother; that neither the passenger nor her brother objected to its terms; that, in substance, the receipt limited the liability of the company to $100 unless there was a special agreement in writing.

*Held*, that the plaintiff was entitled to recover the actual amount of her damage without being limited to the sum of $100 specified in the receipt.

That while a common carrier may limit its liability by express contract, the burden rests upon it to show that the passenger assented to the terms of the receipt.

This it must prove by a preponderance of evidence.

APPEAL by the defendant Cortland H. Dodd, as treasurer of Dodd & Childs' Express, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 5th day of October, 1891, upon a recovery by the plaintiff of $1,263.48 and costs, after a trial before a referee.

*Lockwood & Hall*, for the appellant.

*Townsend, Dyett & Einstein*, for the respondent.

O'BRIEN, J. :

This action was brought to recover the value of wearing apparel in the plaintiff's trunk, which was delivered to the defendant to be

carried from Jersey City to East Eightieth street, New York, and in transit fell into the Hudson river and was thereby saturated with salt water, discolored and damaged.

The defendant denied negligence and value of property, and set up a special agreement that, in case of loss or damage to said trunk or its contents by reason of negligence or otherwise, it should not be liable for an amount exceeding one hundred dollars, unless specially agreed for in writing and noted in said contract, and the extra risk paid therefor. The question most seriously litigated, and the substantial one presented upon this appeal, relates to the defense thus interposed as to whether or not the defendant had limited its liability by the special agreement to $100.

Upon the facts the referee decided against the defendant and awarded judgment to the plaintiff for $1,707.50, damages and costs.

In support of the conclusions reached by the referee the testimony shows that the plaintiff arrived from Europe by the Red Star line, landing at its pier in Jersey City. She there delivered her trunk to the agent of the defendant, who immediately signed and delivered to her a paper which appears in full in the referee's report, and which, in substance, stated that the express company received the articles subject to charges based upon a gross valuation not exceeding one hundred dollars upon any trunk, and further recited as follows: " It is mutually agreed, and is part of the consideration of this contract, that the Dodd & Childs express shall not be liable for merchandise * * * for an amount exceeding $100 * * * unless specially agreed for in writing and noted hereon, and the extra risk paid therefor." The delivery of the receipt was before the trunk had been removed. Indeed, it was part of the same transaction with the delivery of the baggage. That delivery took place about five o'clock in the afternoon of June twelfth, in plain daylight, on an open pier, the plaintiff being able to read and understand English. When received, plaintiff delivered the paper to her brother, and neither she nor her brother made any objection to the terms specified in the paper.

The question presented, therefore, is, was the plaintiff bound by the terms and conditions of this paper, whether read by her or not?

Upon the part of the defendant it was claimed that the acceptance of this paper constituted a contract between the parties, and

for the loss which subsequently occurred it was only liable to the extent of $100 in accordance with the terms thereof.

In view of the numerous decisions, we may regard the law as settled that a common carrier has the right to limit his common-law liability by express contract, shielding him from damage occasioned even by his own negligence and that of his servants. But, as stated in *Madan* v. *Sherard* (73 N. Y., 329), where a traveler, on delivery of baggage to a local express company, receives a paper which, from the circumstances of the transaction, he has a right to regard simply as a receipt or voucher to enable him to follow and identify his property, and no notice is given to him that it embodies the terms of a special contract, or is intended to subserve any other purpose than as a voucher, his omission to read the paper is not *per se* negligence, and he is not, as matter of law, bound by its terms. The question whether, in a particular case, the party receiving such a receipt accepted it with notice of its contents, or with notice that it contained the terms of a special contract, so as to require him to acquaint himself with its contents, is one of evidence to be determined by the jury. It will thus be seen that no such contract arises, as a matter of law, from the acceptance of the receipt, but the defendant, in order to relieve itself from full liability, is bound to establish a contract. (*Sunderland* v. *Westcott*, 40 How. Pr., 469; *Blossom* v. *Dodd*, 43 N. Y., 264; *Rawson* v. *Penn. R. R. Co.*, 2 Abb. [N. S.], 220; *Limburger* v. *Westcott*, 49 Barb., 283.)

In *Woodruff* v. *Sherrard* (9 Hun, 323), which is a decision of this General Term, wherein the cases were collated and discussed, DANIELS, J., in writing the opinion, says: " To make a binding contract in such a case as this, requires at least the implied assent of the party receiving the instrument."

In that case it appeared that a daughter of the plaintiff, in company with another young girl, delivered a check for a trunk to the clerk of a transfer company at its office in New York, with instructions to transport the same to her house in Brooklyn. She then turned away and was leaving the office, but at the suggestion of her companion that she ought to have a receipt, she returned and demanded a receipt of the clerk, who thereupon delivered to her a receipt by which it was, among other things, stipulated that the company should not be liable to an amount exceeding one hundred

dollars, unless a special contract was made. She did not read the receipt or know its contents until after the loss of the trunk. *Held,* that she never assented to the terms of the contract limiting the liability of the company, and that she was entitled to recover the full value of the trunk.

This and the cases already cited are to be distinguished from those relied upon by the appellant, namely, the cases of *Nicholas* v. *New York Central and Hudson River Railroad Company* (89 N. Y., 370); *Guillaume* v. *The General Transportation Company* (100 id., 498), and *Germania Fire Insurance Company* v. *Memphis, etc., Railroad Company* (72 id., 93).

In reference to those cases the referee aptly says : " I am asked to apply the rule of presumption existing in the case of a shipper of merchandise delivering to a railway company, after discussion with the agent as to rates of freight, lines of transportation, etc., and receiving a bill of lading for his goods, the presumption being that he accepts the terms of his contract as written, and fails to read it at his peril. I don't think this is fair to passengers by sea or land."

The learned referee, in our opinion, was right in his view that whether a contract existed or not was a question of fact. Upon all the evidence he decided that the burden placed upon the defendant of making out a plea of a special agreement was not sustained.

The only other question presented upon the appeal to which our attention has been called by appellant relates to exceptions taken to rulings of the referee excluding evidence tending to show what was the general course of business of the defendant.

The question before the referee was, what was done and said between the plaintiff and the defendants' servant from which the special agreement alleged as to the $100 limit liability could be proved or inferred. We fail to see how the testimony offered in reference to the ordinary process of receiving baggage from the steamer could bear upon the determination of this question ; and it being clearly irrelevant, the referee was right in excluding it.

Our conclusion, therefore, is that the judgment appealed from should be affirmed, with costs.

VAN BRUNT, P. J., and LAWRENCE, J., concurred.