COLVIN v. FARGO.

(Supreme Court, Appellate Term. June 7, 1905.)

1. CARRIERS—BAGGAGE—EXPRESS RECEIPTS—FAILURE TO READ—NEGLIGENCE.
   Where plaintiff delivered certain baggage checks to the agent of an express company for transfer, and the agent delivered to her a receipt containing a contract limiting the company's liability to $50 with the statement, "I suppose you don't wish to declare any excess value on these as they are only going to Twenty-Third street," to which she did not reply, she was not guilty of negligence per se in failing to read the receipt and take notice of such limited liability provision.
   [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 692.]

2. SAME—MEETING OF MINDS—QUESTION FOR JURY.
   Where an owner of baggage delivered the checks to an express company to have the baggage transferred and accepted a receipt therefor containing a limited liability clause, the agent stating that he supposed she did not desire any extra value, to which she did not reply, and which she testified she did not understand, and she did not read or examine the receipt until after loss of one of the trunks, whether she assented to such limitation of the carrier's liability was for the jury.
   [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 733.]

3. SAME—LOSS OF BAGGAGE—BAILED GOODS—ACTION BY BAILEE.
   Where plaintiff had possession of personal property belonging to her daughter in plaintiff's trunk, which was lost through the negligence of defendant express company, who contracted to transfer the same for plaintiff, plaintiff had a special interest in the goods, and was entitled to sue for the value thereof in her own name.
   Scott, P. J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Carrie T. Colvin against James C. Fargo, as president of the American Express Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

Carter, Ledyard & Milburn (Charles M. Sheafe, Jr., of counsel), for appellant.

William C. Reddy, for respondent.

DOWLING, J. On November 14, 1904, the plaintiff called at the office of the defendant express company at No. 81 Dey street, in the city of New York, and gave its agent three baggage checks representing three trunks then lying at the depot of the Jersey Central Railroad, foot of Liberty street (over which route she had just come to this city), for the purpose of having the same delivered to an address then given by her. She received a receipt therefor in the

usual printed form issued by defendant, and at the time she was asked by its agent if she wished to declare extra value for so short a distance, to which she made no reply. By said receipt, defendant's liability was limited to $50, unless an extra charge was paid for the service, based on a higher value. After apparently looking at the receipt and paying the ordinary charges of 40 cents for each trunk, she kept the receipt, and left the defendant's office. Two of the trunks were delivered; the third was lost. Proof was given that there was property belonging to plaintiff in the trunk lost of the value of $49.50, and, belonging to her daughter, of the value of $311.50. Judgment was rendered for plaintiff for the sum of $350 and costs, from which defendant appeals. The contention of defendant is, firstly, that the receipt in question constituted a contract between plaintiff and defendant, whereby the latter's liability was limited to $50; and, secondly, that plaintiff cannot recover more than $49.50, the value of the goods belonging to her, contained in the lost trunk.

As to the first contention, the testimony discloses that there was a clear-cut issue of fact upon the trial. The plaintiff testified that when she handed her three baggage checks to the express agent in the Dey street office he said to her, "I don't suppose you want any extra value on these as they are only going to Twenty-Third street," to which she made no reply; that she did not understand his question; that she did not look at the receipt at the time; that she was in a great hurry to leave the office, as her daughter was waiting outside for her, and it was a cold day; that she folded up the receipt, put it in her pocketbook, and left the office at once; that she did not read the receipt until after the trunk was lost. The express agent testified that he said to plaintiff, "I suppose you don't wish to declare any excess value," and looked at her, waiting for an answer, but she made no reply; that when he gave her the receipt she took it, looked at it for 30 or 40 seconds, and slowly folded it up, after having apparently read it, although he did not know whether she actually read it or not. The question of whether or not the contract limiting liability was actually made, and whether it was an agreement upon which the minds of the parties met, was submitted to the jury by the learned court below in a full, fair, and correct charge. The jury found for the plaintiff. The distinction between so-called "baggage cases" and "freight cases" is well established. Bernstein v. Weir, 40 Misc. Rep. 635, 83 N. Y. Supp. 48. This case comes clearly within the former category, and the controlling rule was laid down in Grossman v. Dodd, 63 Hun, 324, 17 N. Y. Supp. 855, affirmed in 137 N. Y. 599, 33 N. E. 642:

"In view of the numerous decisions, we may regard the law as settled that a common carrier has the right to limit his common-law liability by express contract, shielding him from damage occasioned even by his own negligence and that of his servants. But, as stated in Madan v. Sherard, 73 N. Y. 329, 29 Am. Rep. 153, where a traveler, on delivery of baggage to a local express company, receives a paper, which, from the circumstances of the transaction, he has a right to regard simply as a receipt or voucher to enable him to follow and identify his property, and no notice is given to him that it em-

bodies the terms of a special contract, or is intended to subserve any other purpose than as a voucher, his omission to read the paper is not per se negligence, and he is not, as matter of law, bound by its terms. The question whether, in a particular case, the party receiving such a receipt accepted it with notice of its contents, or with notice that it contained the terms of a special contract, so as to require him to acquaint himself with its contents, is one of evidence to be determined by the jury. It will thus be seen that no such contract arises as a matter of law from the acceptance of the receipt, but the defendant, in order to relieve himself from full liability, is bound to establish a contract."

To the same effect are the cases of Strong v. Long Island R. R. Co. et al., 91 App. Div. 442, 86 N. Y. Supp. 911; Springer v. Wescott, 166 N. Y. 117, 59 N. E. 693; Zimmer v. N. Y. Cent. & H. R. R. R. Co., 137 N. Y. 460, 33 N. E. 642. In these cases a printed paper was given, variously denominated "Receipt," "Domestic Bill of Lading," or some similar term, and containing a clause limiting liability in practically identical terms with the receipt in question. The jury, upon the facts, found for plaintiff, and there is no reason for disturbing the finding here.

As to the second contention, plaintiff was lawfully in possession of the goods subsequently lost—as to part of them as owner, as to the remainder as bailee for her daughter. She paid the express charges, and delivered the trunk, with all its contents, to the defendant as her bailee, on consignment to herself. In Green v. Clarke, 12 N. Y. 343, Chief Justice Gardiner said:

"It is a general rule that a bailee having a special property, and the general owner, may either of them sustain an action for conversion or injury of the property in which they are interested. The right to one is indispensable to enable each to protect his particular interest, but, as the law will not suffer a defendant to be twice harassed for the same cause, only one suit can be brought, and it will be a bar to every other."

So, also, in Swift et al. v. Pacific Mail Steamship Company, 106 N. Y. 206, 12 N. E. 583, it was held that, while the general rule was that an action against a common carrier for breach of his duty to carry or of a contract must be brought in the name of the owner of the goods, although the contract may have been made or the goods shipped by another, still that where the consignor, although not the general owner, had a lien upon or a special interest in the goods, and made the contract and paid the consideration for their carriage, he might bring the action for the breach of the contract in his own name. Here the plaintiff, bailee as to such goods belonging to her daughter as were in the former's trunk when lost, had made the contract for carriage, and paid the consideration therefor, and is entitled to recover. Cyclopedia of Law and Procedure, vol. 5, p. 210.

Judgment affirmed, with costs.

TRUAX, J. (concurring). I think that the words used by the defendant's agent, "I don't suppose you want any extra value on these, as they are only going to Twenty-Third street," were sufficient to put the plaintiff off her guard, and that they did not give plaintiff notice that the voucher embodied a special contract, or that it was intended to serve any other purpose than as a voucher; and

that therefore her omission to read the voucher was not per se negligent, and she was not as a matter of law bound by its terms. The questions of fact were left for the determination of the jury, and I am in favor of affirming the verdict.

SCOTT, P. J. (dissenting). In my opinion, the judgment cannot be sustained. The clause in the receipt limiting the defendant's liability unless value was stated was printed on the face of the document and italicized by the use of black-faced type. The plaintiff was expressly asked whether she wished to declare extra value, and made no reply. The room in which the transaction occurred was sufficiently light to enable her to read the receipt, and she did in fact hold it in her hand and look at it before leaving the office. It seems to me that the defendant did everything it could reasonably be expected to do to call plaintiff's attention to the clause in the contract limiting its liability. All that can be said is that plaintiff did not know that the contract contained the clause, because, although offered every opportunity to do so, she neglected to read it, or even to examine it closely enough to notice the words printed in italics. The mere fact that, owing to her own neglect, she did not in fact know that the contract limited defendant's liability, is not sufficient to charge the defendant with any value exceeding the specified amount. Kirkland v. Dinsmore, 52 N. Y. 171–178, 20 Am. Rep. 475; Bernstein v. Weir, 40 Misc. Rep. 635–639, 83 N. Y. Supp. 48. The circumstances attending the giving of the receipt do not bring this case within the line of cases known as "baggage cases," in which, as was said in Bernstein v. Weir, supra, the traveler receives something in the nature of a check or voucher for his baggage, usually under circumstances where he is offered no choice but to take whatever is given him, and no opportunity to observe that it is in form of a contract. On the contrary, in this case the transaction was made deliberately, in defendant's office, and full and ample opportunity was given to plaintiff to examine the receipt given to her. Unless we are prepared to hold that a person may avoid the terms of a contract by willfully or negligently refusing to avail himself of a fair opportunity to learn its contents, I cannot see how this judgment can be sustained.

The judgment should be modified by reducing it to $50, with the appropriate costs in the court below, and, as modified, be affirmed, without costs in this court.