portion is not therefore to be excluded. * * * Sometimes the court may, in its discretion, exclude the objectionable part or the whole deposition. * * * But usually the inadmissible portion is detached or erased before the deposition is given to the jury, or it is not given to the jury and only the admissible portion is read to them, or the whole is submitted to them with instructions to disregard the objectionable part."

It will be observed that the matter in question is to a great extent within the discretion of the court, and it is to be assumed that the court will refuse to divide the questions in such a manner as to materially alter any part of deponent's testimony.

The one remaining point concerns the examination of Mr. Hamilton as to his testimony on the former trial. After cross-examination by plaintiff's attorney, in which it was sought to impeach testimony of witness by reference to his testimony on the first trial, defendant then attempted to show all witness had said on former trial by reading from such previous testimony. This was excluded at that time on the ground of form, although the court expressly said:

"After you ask him as to his knowledge, you are at liberty to refer to matters introduced on his previous examination or cross-examination, as the case may be; but there must be some direct question now with respect to his present memory as to those transactions."

The rule which was there followed is stated in the case of Grattan v. Metropolitan Life Ins. Co., 92 N. Y. 274, 287, 44 Am. Rep. 372:

"What the witness testified to on a former trial, he being living and present for examination on the second trial, could only be proved for the purpose of contradicting him or of refreshing his memory."

To this may be added the case in which a counsel is surprised by his own witness (Bullard v. Pearsall, 53 N. Y. 230), which has no application to the present case. This rule is not controverted by the case of Sexton v. Onward Con. Co., 93 App. Div. 144, 87 N. Y. Supp. 550, upon which defendant rests his argument, as is shown by the fact that the Sexton Case expressly bases its decision upon the Grattan Case, cited above, together with one other.

Although this court would have been slow to award the amount of damages found by the jury in this case, and considers that plaintiff has been amply compensated for the injuries she has suffered, yet, in the light of the foregoing authorities, adequate cause for setting aside this verdict has not been established, and the motion is therefore denied, as is also the plaintiff's motion for an extra allowance.

---

(121 App. Div. 552.)

MARTIN v. CENTRAL R. CO. OF NEW JERSEY.

(Supreme Court, Appellate Division, Second Department. October 18, 1907.)

1. CARRIERS—LOSS OF BAGGAGE—ACTIONS—DEFENSES.
    An answer, in an action against a carrier for loss of a passenger's baggage, which alleges that the ticket on which the baggage was checked stipulated that free transportation was allowed for 150 pounds of baggage, and limited the carrier's liability to $1 a pound, is bad for failing to allege that the passenger did not pay for the extra baggage.

**2. SAME—LIMITING LIABILITY—CONTRACTS.**

A ticket limiting the carrier's liability for loss of baggage is ineffective, where the passenger does not know of the stipulation and is excusable for not knowing.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1548.]

**3. SAME—STATUTES.**

A statute authorizing a carrier to limit its liability for loss of baggage, unless the passenger by way of insurance pays therefor, does not apply to cases of negligence resulting in the loss of a passenger's baggage.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1544.]

Appeal from Special Term, Westchester County.

Action by John T. Martin against the Central Railroad Company of New Jersey. From an interlocutory judgment overruling a demurrer to the partial defenses pleaded, plaintiff appeals. Reversed, and demurrer sustained, with leave to plead over.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Charles P. Howland (Howard E. Brown, on the brief), for appellant. Ethelbert I. Low (B. R. C. Low, on the brief), for respondent.

GAYNOR, J.  This complaint is for damages for the negligent loss of the plaintiff's baggage by the defendant.   It was received by the defendant in the city of New York and was to be carried thence to Lakewood, N. J.  The answer pleads two partial defences.  The first is that the railroad ticket on which the baggage (a trunk) was received and checked bore upon it a "stipulation and condition" that free transportation was allowed on it for 150 pounds of baggage (wearing apparel only), and limiting the company's liability to $1 a pound.  There is no allegation that the plaintiff did not pay for the carrying of extra baggage.  This alone makes the defence insufficient.  But in addition to that the mere allegation that there was such a notice or clause (call it what you will) on the ticket is no allegation of a contract of its tenor, and it is only by a contract that the defendant could limit its liability.  The plaintiff may not have known of the notice and excusably.  Dorr v. Steam Nav. Co., 11 N. Y. 485, 62 Am. Dec. 125; Strong v. L. I. R. Co., 91 App. Div. 442, 8 N. Y. Supp. 911; Hutchins v. Penn. R. Co., 181 N. Y. 186, 73 N. E. 972, 106 Am. St. Rep. 537.  The second is a statute of New Jersey that a railroad company may limit its liability to $100 for every 100 pounds of baggage, unless the person offering the baggage pay, "by way of insurance," for any additional amount of responsibility to be assumed, by notice to such person, or by a general notice posted up as prescribed; and that such notice was given, and also posted.  But this does not by its terms purport to be, and is not, a limitation in the case of negligence, and there is no allegation that the baggage was not lost through negligence. Bermel v. N. Y., etc., R. Co., 62 App. Div. 389, 70 N. Y. Supp. 804; Wheeler v. Nav. Co., 125 N. Y. 155, 26 N. E. 248, 21 Am. St. Rep. 729.  The statute not applying to cases of negligence, the defence, to

be good, must state a case to which it does apply. This deficiency of the second also applies to the first partial defence.

The interlocutory judgment should be reversed, and the demurrer sustained, with costs, with leave to plead over upon payment of costs. All concur.