SCOFIELD v. MAY et al.

(Supreme Court, Appellate Term. February 5, 1909.)

CARRIERS (§ 405*)—BAGGAGE—LIMITATION OF LIABILITY—EFFECT.

    A limitation upon the amount of the liability of a local carrier for loss of baggage, contained in a baggage receipt delivered in exchange for a baggage check, is not binding on the owner of the baggage, where her attention was not called to it and she did not read it.

    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1548, 1549; Dec. Dig. § 405.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Grace Scofield against Garrett May and another. Judgment for defendants, and plaintiff appeals. Reversed, and a new trial ordered.

Argued before GILDERSLEEVE, ·P. J., and GIEGERICH and SEABURY, JJ.

Denis O'L. Cohalan, for appellant.
Charles Levy, for respondents.

GILDERSLEEVE, P. J. The plaintiff boarded an Erie Railroad train at Tuxedo Park, and delivered to the baggageman a dress suit case, containing valuable articles of wearing apparel, and received a check therefor. When the train arrived at New York, and as the plaintiff was stepping off the platform of the train, a man calling out, "Baggage! Baggage!" approached the plaintiff, who inquired if he was "May's man." Upon being informed that he was, and it is so conceded, she gave her check to him, and he handed her a paper, which subsequently she ascertained was one of the usual baggage receipts limiting the defendants' liability to $50 in case of loss of baggage. The agent of the defendants did not call the plaintiff's attention in any way to the contents of the paper, nor did she read it, but immediately put it in her purse.

The defendants concede that they obtained the suit case, and that it was lost on its way from the depot to the destination given by the plaintiff as the place where it was to be delivered by defendants. The only defense is that the plaintiff cannot recover for more than $50, which was the amount the lower court gave her. We think this is one of the numerous cases, known as "baggage cases," in which it has been uniformly held:

"That tokens or writings given in exchange for baggage checks are not of such a nature as to put persons on their guard as to the memorandum printed on them, and persons receiving them are not presumed to know their contents or to assent to them." Blossom v. Dodd, 43 N. Y. 264, 3 Am. Rep. 701; Grossman v. Dodd, 63 Hun, 324, 17 N. Y. Supp. 855.

In the case at bar the plaintiff had no opportunity for negotiation or discussion. The slip of paper was evidently hurriedly placed in her

hand, and the agent immediately passed on engaged in the performance of his duties.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.