(63 Misc. Rep. 326.)

### SMITH v. HUGHES.

(Supreme Court, Appellate Term. May 27, 1909.)

CARRIERS (§ 155*)—CARRIAGE OF GOODS—LIMITATION OF LIABILITY—NOTICE TO SHIPPER.

Plaintiff delivered baggage to defendant, to be transferred to a railroad station, and received a coupon check, marked "Claim Coupon No. 5,947." On the reverse side of the check was printed: "It is agreed by the person receiving coupon receipt that he, for himself or as agent of the owner of the articles shipped, will limit the value of the same to $25." *Held*, that this limitation was not binding on plaintiff, as it did not appear that plaintiff knew of the limitation, or as a reasonable person should be presumed to have examined the coupon to see exactly what was printed upon it.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 155.*]

Appeal from City Court of New York, Trial Term.

Action by Sarah Lloyd Smith against Nicholas J. Hughes. From a judgment entered on a verdict rendered by direction of the court in favor of plaintiff, she appeals. Reversed.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Henry Woog, for appellant.
Mark Eisner, for respondent.

LEHMAN, J. The plaintiff sues for loss of baggage delivered to the defendant. At the trial it appeared that the plaintiff delivered the baggage to the defendant at her residence, to be transferred to the Grand Central Station, and received a coupon check for identification marked: "Claim Coupon No. 5,947." On the reverse side there was the clause:

"It is agreed by the person receiving coupon receipt that he, for himself or as agent of the owner of the article shipped, will limit the value of the same to $25."

The trial court held that this limitation was binding on the plaintiff. It does not appear that the plaintiff knew of this limitation, or as a reasonable person should be presumed to have examined the coupon to see exactly what was printed upon it. Scofield v. May, 62 Misc. Rep. 243, 114 N. Y. Supp. 787.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes