later. This rule is applied where actions affecting real property are begun. In such cases those having merely future contingent interests are not necessary parties. Jones, Mort. (5th. Ed.) § 1401; Wilt. Mort. Forec. § 150; Brevoort v. Brevoort, 70 N. Y. 136; Eagle Fire Ins. Co. v. Cammet, 2 Edw. Ch. 127; Nodine v. Greenfield, 7 Paige, 544, 34 Am. Dec. 363.

The present owners of this legacy gained title through Mrs. Gragg. Their claims are limited by what hers might have been. It appears that at one time she received $525.40 from the personal estate of the deceased—the primary fund for the payment of this legacy—to apply on the same. She either so used it, or should have done so. In either event, neither she nor her representatives can be heard to say that this application was not properly made. It was her duty also to pay the interest on this legacy down to time of her death. The amount thereof which may now be charged against the real estate, therefore, is only $474.60, with interest thereon from March 3, 1904.

Findings in accordance with this opinion may be prepared, and, if not agreed upon, will be settled upon proper notice.

Ordered accordingly.

---

### WOOLSEY v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department. June 9, 1905.)

CARRIERS—LOSS OF BAGGAGE—LIMITING LIABILITY.

    Defendant's common-law liability for loss of a valise delivered to it from a residence by a servant therein for shipment to plaintiff is not limited by a receipt delivered by defendant purporting to do so, the servant not having been in plaintiff's employ, but having merely undertaken to deliver the valise when called for, and she not having been informed of the contents of the receipt.

Appeal from Municipal Court of New York.

Action by George M. Woolsey against the Long Island Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BARTLETT, JENKS, HOOKER, RICH, and MILLER, JJ.

L. J. Carruthers, for appellant.
Francis R. Foraker, for respondent.

RICH, J. The recovery by the plaintiff was for damages alleged to have been sustained by reason of the loss of a dress suit case and its contents, which were delivered by a servant to the Long Island Express Company, a department of the defendant company, from a residence in Flushing, Long Island, where the plaintiff had been visiting, for shipment and delivery to the plaintiff in New York City. The driver of defendant company to whom the suit case was delivered left a receipt for the same with the servant, incorporating therein the name of the plaintiff and his address, and he testified on the trial that he asked the servant the value of the bag, and that she replied that she did not know, and there was nobody else in the house. He thereupon wrote on the receipt: "Value asked; not

given. O. R."—the "O. R." meaning at owner's risk. The receipt left by the driver was upon the usual blank partly written and partly printed, and provided, among other things, that the defendant was not to be held liable or responsible for any loss or damage to said property, or any part thereof, whether by reason of negligence or otherwise, as carrier or bailee, beyond the sum of fifty dollars, "at which sum said property is hereby valued, unless the just and true value thereof is stated herein," and that the party accepting the receipt agreed to the conditions therein contained. The servant denied that any inquiry was made as to the value, or that she stated that there was no one else in the house. She admitted, however, that a receipt was handed to her, which she destroyed without reading, and without knowledge or information as to its contents. The learned justice presiding at the trial found for the plaintiff, and held that he was entitled to recover for the loss of this suit case and contents, and that defendant's liability is not limited to $50.

In this view we concur. The only question for our determination is whether the common-law responsibility of the defendant is limited by the delivery of the receipt to the servant, not in plaintiff's employ, and who had only undertaken to deliver the suit case to the defendant when called for. There is no pretense that the agent of the defendant informed her of the contents of the receipt, and the presumption, in view of the finding of the trial court, is that nothing was said as to the value of the property which the defendant undertook to deliver. We think there was no special contract in consequence of the delivery of the receipt under the circumstances which would limit defendant's liability. Springer v. Westcott, 166 N. Y. 123, 59 N. E. 693; Strong v. Long Island R. R. Co., 91 App. Div. 442, 86 N. Y. Supp. 911.

The judgment should be affirmed, with costs. All concur; HOOKER, J., not voting.