RYCKMAN, Respondent, v. INTERNATIONAL RY. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. July 12, 1906.) Appeal from Trial Term. Action by Herbert Ryckman, an infant, by Isaac A. Ryckman, his guardian ad litem, against the International Railway Company. From an order setting aside a verdict, defendant appeals. Reversed.

PER CURIAM. Order reversed, and motion for new trial on the minutes, denied, with costs to the appellant.

McLENNAN, P. J. (dissenting). Concededly the evidence was conflicting as to the severity, extent, and permanence of plaintiff's injury. An examination of the evidence upon that issue, the only one involved upon this appeal, leads me to conclude that it is not within the province of this court to say that the sum represented by the verdict of the jury was not insufficient to reasonably compensate the plaintiff for the injuries which he sustained. The evidence offered by the plaintiff indicates that as a result of the accident he was very seriously injured; that he suffered great pain, and is permanently disabled from doing the work which he had previously performed; and in the opinion of the experts called by him he was practically made an invalid, and would continue so to be. The evidence on the part of the defendant was quite to the contrary, and if it is to be given full credence the injuries sustained by the plaintiff resulting from the accident were comparatively trivial and were fully compensated for by the amount of the verdict rendered. Such being the condition of the evidence, we do not deem it within the province of this court to say that the trial court did not correctly determine that the jury had misinterpreted its true meaning. The sole question before us is: Did the trial court, in granting the order appealed from, abuse the discretion with which it is invested by section 999 of the Code of Civil Procedure? This court is not concerned with the proposition that we or any one of us might have decided the motion differently, had it been presented to us as an original proposition. The question is: Can we say that the trial justice, who had heard and seen the witnesses, abused his discretion in the premises? This court by a long line of decisions has held that it will not interfere with the discretion of the trial court, thus exercised, unless it appears that by affirmance of the order palpable injustice will result. Such rule of noninterference with the discretion exercised by the trial court has been adopted upon the theory that such trial court, who has had an opportunity to see and to hear the witnesses, is better able to judge of the justice and reasonableness of a verdict where only a question of fact is involved than any appellate tribunal. The doctrine which has controlled this court was enunciated by Mr. Justice Adams in Lund v. Spencer, 42 App. Div. 544, 59 N. Y. Supp. 752, in which he said, in discussing a question of this kind: "As preliminary thereto, it may be well to suggest that the granting or refusing of a new trial upon the minutes of the court is a matter which rests almost entirely in the discretion of the trial justice. * * * When in the exercise of its discretionary power an order has been made by the trial court setting aside a verdict as against the weight of the evidence, its discretion ought not to be reversed by an appellate tribunal, unless it is made to appear beyond all cavil that great injustice has been done to the defeated party." And in support of that proposition he called attention to the case of Bannon v. McGrane, 45 N. Y. Super. Ct. 517. In the case of Lawrence v. Wilson, 86 App. Div. 473, 83 N. Y. Supp. 821, in referring to section 999 of the Code of Civil Procedure, it was said: "This evidently contemplated a judicial discretion, an abuse of which might be corrected on appeal, and yet it is peculiarly a discretion vested in the trial judge, and it ought not to be interfered with, except in a case where the ends of justice imperatively demand action." Many other cases might be cited in which it has been held that the discretion of the trial court in granting a new trial upon a motion made upon the minutes, upon the ground that the verdict was excessive or inadequate, should not be interfered with, unless it is apparent that the discretion of the trial court had been abused and that injustice would result to the appellant. In my opinion that doctrine should be firmly adhered to, and the order appealed from affirmed, with costs.

KRUSE, J., concurs.

SABIN, Respondent, v. WEIR, Appellant. (Supreme Court, Appellate Term. June 1, 1906.) Appeal from Municipal Court, Borough of Manhattan, Twelfth District. Action by Cora H. Sabin against Levi C. Weir, as president of the Adams Express Company. From a judgment for plaintiff, defendant appeals. Affirmed. Cravath, Henderson & De Gersdorff (William M. Coleman, of counsel), for appellant. Wilson Lee Cannon, for respondent.

PER CURIAM. The plaintiff shipped goods by the defendant company, a common carrier, from Washington to New York. In some unexplained way a portion was lost. The plaintiff recovered judgment for $325 damages, besides costs. Defendant challenges the judgment upon the ground that the goods were received by the defendant for shipment under a special contract limiting the defendant's liability to an agreed valuation of $50. We think the evidence is insufficient to show that the minds of the parties met and a contract fixing the valuation at $50 was actually made. The facts are quite different from the case of Bernstein v. Weir, 40 Misc. Rep. 635, 83 N. Y. Supp. 48, where the shipper himself filled out the blank receipt and the defendant's employé signed it. The case at bar differs from the case of Hart v. Penn. R. R. Co., 112 U. S. 331, 5 Sup. Ct. 151, 28 L. Ed. 717, to which appellant directs particular attention. In that case the contract limiting the liability was clearly established. Woolsey v. L. I. R. R. Co., 106 App. Div. 228, 94 N. Y. Supp. 56, is an authority that supports the judgment. The appeal is without merit, and the judgment of the court below should be affirmed, with costs to the respondent. Judgment affirmed, with costs to the respondent.