## RICHARDSON v. WOOLVERTON.

(Supreme Court, Appellate Term. June 29, 1909.)

CARRIERS (§ 405*)—TRANSPORTATION OF BAGGAGE—LOSS—LIMITED LIABILITY.

Public Service Commissions Law (Laws 1907, p. 911, c. 429) § 38, provides that every common carrier shall be liable for loss of baggage, up to the full value, except that the value in excess of $150 shall be stated on delivery to the carrier and a written receipt issued stating the value, and authorizes an excess charge. Section 25 declares that the act shall apply to the transportation of passengers' freight from one point to another within the state and to any common carrier performing such service. Held that, where defendant contracted to carry plaintiff's baggage from a ferry house to a wharf plaintiff having stated, no valuation, plaintiff's right to recover for loss of the baggage was limited to $150 for each piece of baggage carried under a separate voucher.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 405.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Henry Richardson against William H. Woolverton. From a Municipal Court judgment for plaintiff, defendant appeals. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Hill, Lockwood, Refield & Lyden (Joseph E. Russel, of counsel), for appellant.

Fay Ingalls, for respondent.

MacLEAN, J. The plaintiff claimed for loss of two pieces of luggage received by the defendant for transportation from the Pennsylvania Railroad ferry house, foot of West Twenty-Third Street, to the wharf of the Metropolitan Steamship Company, in this borough. At the close of the case, counsel for defendant moved for the direction of judgment in favor of plaintiff for $200, the aggregate of the sum stated as limitations, $100 on each in the two vouchers given the plaintiff, and, if that were denied, that the court find that the plaintiff cannot recover more than the limited liability under the public service act of this state, $150 on each piece. Decision was reserved; but the

trial justice subsequently rendered judgment for plaintiff for $401.62, besides costs, $3, and $30 allowance.

By the provisions of section 38 of the Public Service Commissions Law (Laws 1907, p. 911, c. 429), then in effect, and under which this defendant came, according to the defined scope of article 2 as expressed in section 25 of that law, no valuation having been stated by the plaintiff, he might not recover more than the amount limited in section 38 of that law, viz., $150 a piece, the sum less than which the defendant, under the provisions of that section, might not, save by express contract, limit its liability.

Judgment modified, by reducing it to the sum of $300 and appropriate costs in the court below, and, as thus modified, affirmed, without costs to either party of this appeal. All concur.