(65 Misc. Rep. 178.)

### BIGELOW v. WOOLVERTON.

(Supreme Court, Appellate Term.   November 30, 1909.)

1. JUDGMENT (§ 593*)—SPLITTING CAUSE OF ACTION—CONTRACT ACTIONS—SINGLE CONTRACT.

Where plaintiff's husband contracted with defendant to take to a hotel a trunk which belonged to the husband and which contained the husband's and plaintiff's clothing, there was only a single contract and a single cause of action for its breach, so that plaintiff could not sue to recover for the loss of her goods by reason of the nondelivery of the trunk after her husband had obtained a judgment therefor.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1108; Dec. Dig. § 593.*]

2. HUSBAND AND WIFE (§ 25*)—AGENCY OF HUSBAND FOR WIFE.

Plaintiff's husband did not act as her agent in hiring defendant to haul to a hotel a trunk which belonged to the husband and contained the husband's personal effects, though it also contained some of plaintiff's effects.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 148; Dec. Dig. § 25.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Margaret Gassoway Bigelow against William H. Woolverton, as president of the New York Transfer Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Hill, Lockwood, Redfield & Lydon (Joseph E. Russell, of counsel), for appellant.

Rounds & Schurman (Thomas H. Rothwell, of counsel), for respondent.

LEHMAN, J.   The plaintiff, a married woman, was traveling with her husband on the Pennsylvania Railroad from Atlantic City to New York City.   Their baggage was contained in one trunk, belonging to her husband.   Shortly before his arrival in New York, plaintiff's husband delivered to an agent of the defendant the baggage check for the trunk, and the defendant's agent thereupon agreed to convey the trunk from

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the terminus of the Pennsylvania Railroad in New York City to the Hotel Seville. The defendant failed to deliver the trunk. Thereafter the plaintiff and her husband brought separate actions for the value of their property against the defendant. The husband apparently obtained a judgment for $122. The plaintiff obtained a judgment for $300, and the defendant now appeals therefrom.

The plaintiff claims that the defendant made a contract with her, through the agency of her husband, for the transportation of her baggage. The evidence fails to disclose such a contract. The defendant agreed with the plaintiff's husband to convey one trunk. It made a single contract, and assumed a single liability. It was not a carrier of passengers, agreeing to transport the passenger's baggage as an incident of the carriage of the passengers; and we need not here consider any questions arising under such an agreement. It had assumed no duty to the plaintiff, and was not required to transport her baggage, except by virtue of the single and indivisible contract to transport her husband's trunk. The husband was not acting as her agent, since it appears that the trunk belonged to him, and his own personal effects were also contained therein. He has sued the defendant for its breach of contract, and recovered a judgment. There was only a single breach of contract and a single cause of action, and this cause cannot be split up.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.