## MORGAN v. WOOLVERTON.

(Supreme Court, Appellate Division, Second Department.   January 14, 1910.)

1. CARRIERS (§ 155*)—LIMITED LIABILITY CONTRACT.

The mere delivery by a transfer company and acceptance of a receipt for a trunk, in which receipt is embodied a special contract limiting the carrier's liability, does not constitute the contract, unless such acceptance was with notice of the contents of the receipt.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 677, 679, 682–685, 691–696;  Dec. Dig. § 155.*]

2. CARRIERS (§ 408*)—LIMITED LIABILITY CONTRACT—BURDEN OF PROOF.

The burden of establishing a special contract limiting the carrier's liability for baggage is on the carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1562;  Dec. Dig. § 408.*]

3. CARRIERS (§ 166*)—LIMITED LIABILITY CONTRACT—NEGLIGENCE.

Where a passenger on a train received from a transfer company in exchange for her trunk check a receipt embodying a special contract of limitation of liability, without explanation of its contents, or conversation indicating that the carriage was on special terms, or request that the passenger note the contents, and without inquiry whether she assented to the terms thereof, and on delivery of the receipt the transfer company's agent passed on, the omission to read the receipt was not negligence per se on the part of the passenger.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 649;  Dec. Dig. § 166.*]

4. CARRIERS (§ 158*)—LIMITED LIABILITY.

Laws 1907, c. 429, § 38, provides that every common carrier shall be liable for the loss of baggage up to the full value;  but the value in excess of $150 shall be stated on delivery to the carrier, and a written receipt stating the value shall be issued by such carrier, who may make a reasonable charge for the assumption of such liability in excess of $150, etc.  *Held*, that such provision applies only to the liability of a carrier for belongings commonly known as "baggage," belonging to persons to whom the carrier has furnished a ticket, and does not apply to a transfer company, undertaking to transport a trunk from a train to the passenger's address.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 158.*]

Appeal from Trial Term, Kings County.

Action by Lelia A. Morgan against William H. Woolverton, as president of the New York Transfer Company.  From a judgment for plaintiff, from an order denying defendant's motion for new trial, and from an order setting aside a verdict directing judgment to be entered in favor of plaintiff, defendant appeals.  Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, THOMAS, and RICH, JJ.

John L. Hill, for appellant.

Herman Aaron (John Hill Morgan, on the brief), for respondent.

JENKS, J.   The plaintiff, when a passenger on a railroad train, delivered a check for her trunk to an agent of the defendant on that train, who undertook to take over the trunk from the railroad company and to deliver it at an address given by the plaintiff.   The de-

fendant failed to do so, and the plaintiff has recovered a judgment of $1,200 for the contents of the trunk. At the close of the case the defendant moved for a direction of a verdict for the plaintiff, both for $100 and, when defeated, for $150, on the ground that either one or the other amount represented the full liability of the defendant, irrespective of the value of the trunk and its contents. The plaintiff moved for a verdict also. The court directed a verdict for the plaintiff in the full amount of her claim, subject to its opinion, and thereafter set aside such verdict and gave judgment for the plaintiff.

The contention that the limit of liability is $100 rests upon the proposition that there was a special contract for such limitation, in that the receipt given to the passenger by the defendant and accepted by her when she gave up her check contained such contract. In this state it is settled that the mere delivery and acceptance of such a receipt, wherein is embodied a special contract, does not constitute such a contract. But a question of fact in each case is whether such acceptance was with notice of the contents of the receipt, or that it embodied the special contract, so that the acceptor should have made himself acquainted with the contents of the receipt, or with its terms of special contract. Madan v. Sherard, 73 N. Y. 329, 29 Am. Rep. 153; Grossman v. Dodd, 63 Hun, 324, 17 N. Y. Supp. 855, affirmed 137 N. Y. 599, 33 N. E. 486; Springer v. Westcott, 166 N. Y. 117, 59 N. E. 693. The burden of establishing the special contract is upon the carrier. Grossman v. Dodd, supra. At the close of the case the defendant disavowed any question of the credibility of the plaintiff, and although the learned counsel for the plaintiff pointed out that the question of her knowledge was for the jury, the defendant did not recede, but moved for a direction of a verdict for the plaintiff to be limited as aforesaid.

The evidence before the court was that the plaintiff testified that she had received in exchange for her check the receipt, which embodied a special contract of limitation of liability from the defendant, without explanation of its contents, without conversation which indicated that the carriage was on special terms, without request that she note the contents, and without inquiry whether she assented to the terms thereof; that as soon as the agent delivered the receipt he passed on about his business; that she did not read the receipt, but merely glanced at it, to see that it contained a number, and then put it away in her pocketbook; and that she did not know of the contents thereof, but thought it was but a voucher for her trunk. This evidence was undisputed, and, as I have said, the defendant did not raise any question of the plaintiff's credibility.

The learned counsel for the appellant would discriminate this case, in that the evidence is that she could have read the receipt, whereas a feature in Blossom v. Dodd, 43 N. Y. 264, 3 Am. Rep. 701, and Madan v. Sherard, supra, was practical inability to read it. But the omission to read the receipt under such circumstances as marked the delivery thereof was not negligence per se. Grossman's Case, supra; Madan's Case, supra. It merely bore upon the "ultimate fact to be proven, that the party, when he accepted the receipt, knew of its limitations, or that it contained special terms for the carriage of the

property." Madan's Case, supra, 73 N. Y. 335, 29 Am. Rep. 153. The learned counsel for the appellant argues that the reasoning in Magnin v. Dinsmore, 56 N. Y. 168, is that the plaintiff was bound to read. But in that case the question therein presented arose upon the shipment of articles by an express company. And in Mills v. Weir, 82 App. Div. 396, 81 N: Y. Supp. 801, which dealt with a contract similar to that in the case at bar, we said, per Willard Bartlett, J.:

"The distinction has often been pointed out between these baggage express cases and the shipment of articles by an ordinary express company, whose agreement of transportation is rarely oral, but almost invariably found in its receipt; and it is a distinction which renders the baggage express cases inapplicable as authorities to the facts of the case at bar."

I think that the conclusion that the special contract did not control was justified by the evidence. Authorities supra.

The contention that the liability of the defendant was limited to $150 rests upon certain provisions of section 38, c. 429, Laws 1907, which read as follows:

"Every common carrier and railroad corporation shall be liable for loss, damage and injury to property carried as baggage up to the full value and regardless of the character thereof, but the value in excess of one hundred and fifty dollars shall be stated upon delivery to the carrier, and a written receipt stating the value shall be issued by the carrier, who may make a reasonable charge for the assumption of such liability in excess of one hundred and fifty dollars and for the carriage of baggage exceeding one hundred and fifty pounds in weight upon a single ticket. Nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law."

Although this property may be described aptly as baggage, in that it was not merchandise, but mere belongings for the personal necessity, use, or convenience of the owner, it was not carried as baggage by the defendant within the contemplation of this provision. The distinction is well expressed in the language of the learned counsel for the respondent:

"The sentence refers, not to the inherent character of the property itself, but to the character in which it is being transported by the carrier. It refers to classification, and not to kind."

The undertaking of the defendant was to carry only these belongings of the plaintiff by virtue of payment for that carriage alone. The plaintiff was a passenger, so far as concerns the railroad corporation which carried her and these belongings, by virtue of its contract, which contemplated its carriage of both person and her personal property, known as "baggage" or "luggage"; but so far as the defendant is concerned she was but the owner of this property, which the defendant undertook to demand for her from the railroad company and to carry and to deliver it at her direction. It did not undertake to carry her property, or any of it, upon a single ticket, or by virtue of any ticket, or perforce of the fact that she had been a passenger on any railroad. I think that this provision deals only with the liability of a carrier for belongings of a person, which are commonly known as "baggage" or "luggage," to whom it has furnished a ticket as an undertaking that it will carry both that person as its passenger and

also a certain amount of the passenger's baggage. That this provision has its limitations is indicated by the final sentence thereof.

The judgment is affirmed, with costs. All concur.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, THOMAS, and RICH, JJ.