MEISTER v. WOOLVERTON.

(Supreme Court, Appellate Term. March 10, 1910.)

1. APPEAL AND ERROR (§ 1052*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.
   In an action against a transfer company for loss of goods, admission of testimony of an expert dressmaker as to their value, although not based on sufficiently definite information to make it valuable, was not reversible error, where the jury took the plaintiff's own much lower figures, which represented the actual cost to his assignor.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4175; Dec. Dig. § 1052.*]

2. CARRIERS (§ 388*)—LIABILITY OF TRANSFER COMPANY—"BAGGAGE."
   Laws 1907, c. 429, § 38, relating to the liability of common carriers for the loss of baggage, applies only to the liability of a carrier for belongings commonly known as baggage belonging to persons to whom the carrier has furnished a ticket, and does not apply to a transfer company undertaking to transport a trunk from a train to the passenger's address.
   [Ed. Note.—For other cases, see Carriers, Dec. Dig. §. 388.*]

Appeal from City Court of New York, Trial Term.

Action by John G. Meister against William H. Woolverton, as president of the New York Transfer Company. From a judgment for plaintiff, defendant appeals. Affirmed, if plaintiff stipulates to reduce verdict; otherwise, reversed.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Hill, Lockwood, Redfield & Lydon (Joseph E. Russell, of counsel), for appellant.

Holm, Whitlock & Scarff (Victor E. Whitlock, of counsel), for respondent.

PER CURIAM. Upon the main question between the parties, the construction of section 38 of the Public Service Commissions Law (Laws 1907, c. 429), we concur in the reasoning of the Appellate Division of the Second Department in Morgan v. Woolverton (decided January 14, 1910) 120 N. Y. Supp. 1008, and shall hereafter follow it in preference to Richardson v. Woolverton, 117 N. Y. Supp. 908, where the point as to the meaning of the word "baggage" was not brought before the court.

The testimony of the expert dressmaker as to the value of the dresses lost was not based on sufficiently definite information to make it valuable; but its admission was not reversible error. The jury took the plaintiff's own much lower figures, which represented the actual

cost of the dresses to his assignor. The testimony of the expert jeweler was competent, and fixed the value of the jewelry approximately at $80. The jury gave the plaintiff his own estimate of $200, which had no support in the evidence. This was evidently due to oversight.

The judgment should be reversed, and a new trial ordered, with costs to abide the event, unless plaintiff stipulates to reduce the amount, by deducting $120 and interest to date of verdict, in which case it should be affirmed, without costs.