JOHN G. MEISTER, Respondent, *v.* WILLIAM H. WOOLVER-
TON, as President of the New York Transfer Company,
Appellant.

(Supreme Court, Appellate Term, March, 1910.)

Carriers — Carriage of baggage and passenger's effects — In general —
Limitation of liability — Limitation by statute.
New trial — Grounds — Verdict or findings contrary to law or evidence —
Excessive damages.

> The provisions of section 38 of the Public Service Commissions
> Law (ch. 429, Laws 1907), prescribing a limitation of $150 upon
> the amount recoverable for the loss of baggage, is not applicable
> to a transfer company which transports the baggage only and not
> the passenger or owner.

> Where the jury in an action against a transfer company for loss
> of plaintiff's baggage included in the verdict the sum of $200 which
> had no support in the evidence but was based solely upon plaintiff's
> own estimate of value of certain jewelry, the value thereof being
> fixed by an expert jeweler approximately at $80, a judgment in
> plaintiff's favor will be reversed and a new trial ordered, unless
> he stipulate to deduct $120 and interest, in which event judgment
> will be affirmed.

APPEAL by the defendant from a judgment of the City
Court of the city of New York, entered in favor of the plain-
tiff after a trial before the court and a jury.

Hill, Lockwood, Redfield & Lydon (Joseph E. Russell, of
counsel), for appellant.

Holm, Whitlock & Scarff (Victor E. Whitlock, of coun-
sel), for respondent.

*Per Curiam:* Upon the main question between the par-
ties, the construction of section 38 of the Public Service
Commissions Law, we concur in the reasoning of the Appel-
late Division of the Second Department in Morgan v. Wool-
verton, 136 App. Div. 351, and shall hereafter follow it in
preference to Richardson v. Woolverton, 117 N. Y. Supp.
908, where the point as to the meaning of the word "bag-

Supreme Court, Appellate Term, April, 1910.    [Vol. 67.

gage" was not brought before the court. The testimony of the expert dressmaker as to the value of the dresses lost was not based on sufficiently definite information to make it valuable, but its admission was not reversible error. The jury took the plaintiff's own much lower figures, which represented the actual cost of the dresses to his assignor. The testimony of the expert jeweler was competent, and fixed the value of the jewelry approximately at $80. The jury gave the plaintiff his own estimate of $200, which had no support in the evidence. This was evidently due to oversight.

The judgment should be reversed and a new trial ordered, with costs to abide the event, unless plaintiff stipulates to reduce the amount by deducting $120 and interest to date of verdict, in which case it should be affirmed, without costs.

Present: SEABURY, GUY and WHITNEY, JJ.

Judgment reversed and new trial ordered, with costs to abide event, unless plaintiff stipulates to reduce amount by deducting $120 and interest to date of verdict, in which case judgment affirmed, without costs.