(67 Misc. Rep. 611.)

HIDDINK v. WOOLVERTON.

(City Court of New York, Trial Term. May, 1910.)

CARRIERS (§ 135*)—CARRIAGE OF GOODS—LIMITATION OF LIABILITY.

Public Service Commission Law (Laws 1907, c. 429) § 38, limiting the liability of common carriers for loss of baggage, applies only to carriers transporting baggage without charge in connection with the carrying of the owner, and is inapplicable to a transfer company in a city engaged in transporting baggage only.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 135.*]

Action by Carrie L. Hiddink against William H. Woolverton, as president of the New York Transfer Company. On motion to set aside directed verdict subject to the opinion of the court. Granted, and judgment rendered for plaintiff.

See, also, 119 N. Y. Supp. 1128.

Holden & Rogers, for plaintiff.
Hill, Lockwood, Redfield & Lydon, for defendant.

GREEN, J. This is an action for damages brought against the defendant for the loss of a trunk, the check for which was given to defendant's agent aboard a railroad train in Jersey City, for delivery to a hotel in the city of New York. The plaintiff sued to recover the full value of the trunk, and upon the trial a verdict was directed, subject to the opinion of the court, under section 1185 of the Code of Civil Procedure, for $1,080. The court permitted the jury to fix the value of the property and then directed the verdict. The defendant concedes the delivery of the trunk for transportation, and its failure so to do, but claims that its liability is limited to $150, the amount pro-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

vided by section 38 of the public service commissions law (Laws 1907, c. 429). The defendant further concedes that the trunk in question is "baggage" within the meaning of the authorities.

The decisions upon the question before me are few in number, the first upon the question being a case decided by me in February, 1908 (see Baum v. L. I. R. R. Co., 58 Misc. Rep. 34, 108 N. Y. Supp. 1113), and, although involving section 38 of the public service commissions law, is not analogous to the case at bar. Then followed the cases of Scofield v. May, 62 Misc. Rep. 243, 114 N. Y. Supp. 787, and Smith v. Hughes, 63 Misc. Rep. 326, 117 N. Y. Supp. 162, two "baggage" cases, in which the limitation of liability was held not to obtain, although the question of the application of section 38 of the public service commissions law seems not to have been before the court. These cases were followed by the case of Richardson v. Woolverton, 117 N. Y. Supp. 908, in which it was held that under section 38 of the public service commissions law the defendant's liability was limited to $150. After this came the case of Bigelow v. Woolverton, 65 Misc. Rep. 178, 119 N. Y. Supp. 630, in which the court reversed a judgment for the plaintiff, a married woman traveling with her husband. They had one trunk, containing the baggage and apparel of both husband and wife. Both sued and recovered judgments. The wife's judgment was reversed upon the ground that the husband received but one check for the trunk, which belonged to him, that there was but one contract and but a single cause of action, and that the evidence failed to disclose any agency of the husband to make agreement for the transportation of her baggage with the defendant. The court said the defendant made a single contract and assumed a single liability, and that it assumed no duty to the plaintiff. It may be well to add that this case is now on appeal from the Appellate Term to the Appellate Division, awaiting argument and decision. The court in this case took occasion to say, and which may be considered obiter:

"It was not a carrier of passengers agreeing to transport the passenger's baggage as an incident of the carriage of the passengers, and we need not here consider any questions arising under such an agreement."

This dictum is here pointed out as being important in its bearing when considering the case of Morgan v. Woolverton, hereinafter referred to. After this decision there was handed down the decision in the case of Morgan v. Woolverton, 136 App. Div. 351, 120 N. Y. Supp. 1008, which is directly in point and upon all fours with the case at bar. This case was decided in January, 1910, and in February, 1910, the Appellate Term, in the case of Meister v. Woolverton, 67 Misc. Rep. 167, 121 N. Y. Supp. 606, concurred in the reasoning of the Morgan Case, and by a per curiam opinion stated that it would hereafter follow that decision in preference to Richardson v. Woolverton, 117 N. Y. Supp. 908. Thus, after considerable circuity, necessary in the examination of conflicting cases, it is evident that up to the writing of this opinion the law of the case of Morgan v. Woolverton, supra, is the law governing section 38 of the public service commissions law. That case holds that "a mere delivery by a carrier of a receipt for baggage containing a special contract limiting liability and the acceptance thereof by the owner of the baggage does not of itself make the lim-

iting clause part of the contract"; that "it is a question of fact in each case whether the acceptance was with notice of the contents of the receipt or notice that it embodied a special contract, so that the acceptor should have made himself acquainted therewith"; that "section 38 of chapter 429 of the Laws of 1907, limiting the liability of common carriers for loss of baggage to $150, unless the owner states a value in excess thereof, so that the carrier can make an extra charge, applies only to carriers who transport baggage without charge in connection with carrying the owner"; and that "it does not apply to a carrier engaged solely in transporting baggage." An examination of the section involved and this decision is convincing as to its soundness. The facts in the case at bar are identical to the case cited, and its disposition must be in accordance therewith.

The verdict in the case at bar was directed "subject to the opinion of the court under section 1185 of the Code of Civil Procedure," and the verdict was directed in favor of the plaintiff for the sum of $1,080. Section 1185 of the Code provides that, where a verdict was directed subject to the opinion of the court, the court may set aside the verdict and direct judgment for either party; and following the practice of the Morgan Case, supra, I do hereby set aside the verdict in favor of the plaintiff and direct judgment for the plaintiff for the sum of $1,080, and direct that judgment be entered accordingly. Defendant may have 10 days' stay and 30 days to make a case, and may note his exception in the manner provided by section 1185 of the Code.

Judgment for plaintiff.