Judgment reversed and new trial granted, costs to abide the event.

---

JULIA SHWARTZ, Respondent, *v.* JAMES F. FARGO, as Treasurer of the AMERICAN EXPRESS COMPANY, Appellant.

Second Department, June 9, 1911.

Carrier — loss of goods in transit — receipt — limitation of liability.

Action to recover from an express company the full value of a package lost by it. It appeared that three years before the shipment defendant issued to plaintiff's husband a book of blank express receipts on the inside of the first cover of which was a printed statement limiting the defendant's liability on shipments to be receipted for in such book to fifty dollars unless a greater value was stated in the receipt. Prior to the shipment by plaintiff the covers of the book had been worn out and destroyed. Plaintiff gave the package to a clerk in her husband's employ for shipment by express. He took it and the receipt book to defendant's office and one of defendant's employees receipted in the book for the package. The value of the package was not asked or given. It did not appear that the plaintiff or her agent had any knowledge of the printed limitation on the cover and the receipt was not delivered to plaintiff.

*Held*, that there was no contract by which plaintiff's recovery was limited to fifty dollars if her property was lost;

That plaintiff was not chargeable with knowledge of the limitation contained on the cover of the book, in the absence of proof of actual knowledge thereof.

BURR, J., dissented, with opinion.

APPEAL by the defendant, James F. Fargo, as treasurer, etc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of

Dutchess on the 22d day of September, 1910, upon the verdict of a jury, and also from an order entered in said clerk's office on the 17th day of May, 1910, denying the defendant's motions to set aside the verdict and for a new trial and to reduce the verdict.

*Frank Hasbrouck*, for the appellant.

*Willet E. Hoysradt*, for the respondent.

RICH, J.:

About three years prior to April, 1908, the defendant company issued to plaintiff's husband, who conducts a clothing store in the city of Poughkeepsie, a book of blank express receipts, on the inside of the first cover of which was a printed statement limiting the defendant's liability on shipments to be receipted for in such book to fifty dollars, unless the just and true value was stated in the receipt and an extra charge paid based on such higher value. Each page of the book was headed "American Express Company. Received of ......... The Property hereinafter described, to be forwarded subject to the terms and conditions of the Company's regular form of receipt printed on inside front cover of this book." This heading was followed by ruled spaces in which were to be given the date of shipment; description and contents; value; addressed to; destination, and the name of the employee receipting for the property. The book had been in use down to April 13, 1908, and for some time prior to that date had been without covers, the same having been worn out and destroyed. On April 13, 1908, the plaintiff gave several of her dresses, together with lace and other materials of the value of one hundred and ninety-six dollars and fifty cents, to one Alexander, a clerk in her husband's employ, with directions to ship them by express to her dressmakers in New York city for alterations. Alexander inclosed the package in a box which he addressed to "L. & M. Rundspaden, 108 E. 71st St., New York City;" and under the proper headings in the express receipt book wrote the date and the other information required, and delivered the package and book to one Carroll, an employee at the defendant's office, who receipted in said book under the proper heading for the same and received from Alexander the charges. The value of the package was not asked or given.

The package was not delivered, and plaintiff commenced this action to recover its full value. The action has been three times tried. Upon the first trial the jury disagreed; upon the second trial the court directed a verdict in favor of the plaintiff for the full amount claimed, which was later vacated and set aside. On the last trial the court submitted to the jury the question of the value of the lost property only, directing them to return a verdict for the plaintiff for the amount they should find. From the order denying the motion to reduce the verdict to fifty dollars, or vacate and set it aside, as well as from the judgment, the defendant appeals.

Defendant's contention is that the plaintiff is bound by the limitation contained in the printed statement on the first page of the receipt book when it was issued to her husband, and is limited in her recovery to fifty dollars as therein provided. The plaintiff in this connection cites section 38 of the Public Service Commissions Law,* providing "No contract, stipulation or clause in any receipt or bill of lading shall exempt or be held to exempt any common carrier, railroad corporation or street railroad corporation from any liability for loss, damage or injury caused by it to freight or property from the time of its delivery for transportation until the same shall have been received at its destination and a reasonable time shall have elapsed after notice to consignee of such arrival to permit of the removal of such freight or property." By section 2 of the same law the description of "common carrier" includes express companies.

The learned court in denying defendant's motion for a new trial says, among other things, that the only question presented is whether or not the statute makes the defendant absolutely liable for the full value of the goods lost without regard to the limitation of its liability to fifty dollars. I think the court was in error in its conclusion that the only question presented is controlled by the provisions of the Public Service Commissions Law, and that the judgment and order must be affirmed without reference to the provisions of that statute. The evidence fails to support the defendant's contention that there

* See Laws of 1907, chap. 429; since revised by Consol. Laws, chap. 48; Laws of 1910, chap. 480.—[REP.

was any contract by which plaintiff's recovery in the event of the loss of her property was limited to fifty dollars. The common-law liability of the defendant was for the full value of the goods, and that is the measure of plaintiff's recovery unless there was a special contract in consequence of, and as the result of which such liability was limited. The plaintiff is not chargeable with knowledge of the limitation contained on the cover of a book issued years before her shipment and in the absence of proof of actual knowledge, and there is no pretense that she had such knowledge. Her agent to whom she intrusted the package for delivery to an express company had no knowledge of the printed statement. He did not give the plaintiff the receipt he received from the defendant or call her attention to it. The cover on which the limitation was printed was not on the book when the defendant receipted therein for the property; such receipt contains no such limitation and the evidence is sufficient to hold the judgment. (*Strong* v. *Long Island R. R. Co.*, 91 App. Div. 442 ; *Woolsey* v. *Long Island R. R. Co.*, 106 id. 228; *Springer* v. *Westcott,* 166 N. Y. 117.)

The judgment and order must be affirmed, with costs.

JENKS, P. J., HIRSCHBERG and THOMAS, JJ., concurred; BURR, J., read for reversal.

BURR, J. (dissenting):

I dissent. The learned trial justice instructed the jury that defendant was absolutely liable to the plaintiff for the fair and reasonable value of the goods delivered to it. The only question submitted to them was that of value. Defendant contends that the extent of its liability is the sum of fifty dollars with interest from the date of its failure to deliver the goods in question to the person to whom they were sent. In response to defendant's request to direct a verdict for plaintiff in that sum, the trial justice stated that he would do so " except for the provision of this statute." The statute referred to is section 38 of the Public Service Commissions Law (Laws of 1907, chap. 429, § 38). In holding this statute applicable, I think error was made. So far as this statute attempts to prevent an absolute exemption from liability, or to fix the extent of such liability under certain conditions to the full value of the property not

exceeding $150, I think that it has no application. (*Baum* v. *Long Island R. R. Co.*, 58 Misc. Rep. 34; *Morgan* v. *Woolverton*, 136 App. Div. 351.) At common law a common carrier may contract to limit its liability. (*Barnes* v. *Long Island R. R. Co.*, 115 App. Div. 44; affd., 191 N. Y. 528; *Greenwald* v. *Barrett*, 199 id. 170.) I think that it was a question of fact for the jury whether the plaintiff did not assent to such a contract. The court was requested to charge and did charge, "That both Max Shwartz and Cornelius Alexander were agents of plaintiff in this transaction, and the knowledge of either, and both, must be imputed to her, and the acts of either and both bind her." This, therefore, becomes the law of this case. The book in which the receipt for the goods was written contained a statement that the property was to be forwarded "subject to the terms and conditions of the Company's regular form of receipt printed on inside front cover of this book." The testimony clearly establishes the fact that when the book was delivered to Max Shwartz, plaintiff's husband, some time before the date in question, it had a cover upon it, and upon this cover were these words: "The liability of this Company is limited to $50, unless the just and true value is stated in this receipt, and an extra charge is paid or agreed to be paid therefor, based upon such higher value." There is no claim that the actual value of the goods was stated at the time delivery was made to the defendant, and the evidence is undisputed that the rate of transportation charged was less than it would have been if the full value had been stated. At the time when the goods were delivered to defendant, the covers of the book had been separated from the leaves thereof. It is not necessary that the paper constituting the receipt and that containing the clause limiting liability should be actually physically attached to each other at the time that the contract of carriage is made to make them part of one and the same agreement. In the case of building contracts it frequently occurs that the contract refers to the specifications as "being hereunto annexed." It has been repeatedly held that this is sufficient to incorporate the terms and provisions of the specifications into the contract, making them a part thereof if they are actually existing and delivered simultaneously therewith, so

that the terms thereof may be said to be in the minds of the contracting parties. Although, at the time that this receipt was signed, the covers of the book containing the contract of limitation were detached therefrom, there is no evidence that these were not still in the possession of Max Shwartz, plaintiff's agent. The parties, by the form of the receipt, manifestly intended to refer to some other contract which was in writing, and it appears that this written contract had been in the possession of Max Shwartz, if it was not at that very time, and it must be presumed that he was entirely familiar with the contents thereof, considering the long period of time during which it had been in his possession and the frequency with which he had made use of the book of receipts for shipping purposes. It was at least a question of fact for the jury to say whether Max Shwartz did not know of and assent to the contract limiting liability, and under the rule of law established in this case, if he had such knowledge, it was imputable to the plaintiff. I think, therefore, that the judgment and order denying the motion for a new trial should be reversed and a new trial granted, costs to abide the event.

Judgment and order affirmed, with costs.